EDWARD H. CASNER vs. ISADORE W. RESNIK ET AL.

Third Judicial District, New Haven, June Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

Under General Statutes, § 6128, execution in an action of summary process is stayed for forty-eight hours during which a losing defendant may file his bill of exceptions and procure a writ of error. Failure to act within that period may subject him to dispossession, but it does not prevent the allowance of a bill of exceptions and the issuance of a writ of error after the forty-eight hours have expired.

Upon an appeal from a judgment of the Court of Common Pleas upon a writ of error from a judgment of a justice of the peace, a general allegation of error is sufficient, since the specific errors have already been assigned in the writ of error dealing with the rulings of the justice, which in reality present the fundamental questions in the case.

If a judgment is correct, it is immaterial that the reasons assigned therefor are erroneous.

After an alleged forfeiture of a lease for the nonpayment of rent, and

Casner *v.* Resnik.

the commencement of summary process proceedings, the landlord refused a tender of the rent, as such, under the lease, but notified the tenant that the money, if paid, would be accepted as compensation for use and occupation of the premises. *Held* that payment and acceptance of the money thereafter, preserved all rights of the parties with respect to the pending litigation.

A charge of the justice of the peace in an action of summary process reviewed, and *held* to have fairly and correctly set forth the issues of law and fact before the jury, notwithstanding some grammatical and literary shortcomings.

Argued June 4th—decided July 20th, 1920.

WRIT OF ERROR to reverse a judgment for the lessors in an action of summary process tried by a justice of the peace, brought by the tenant to the Court of Common Pleas in New Haven County and tried to the court, *Simpson, J.;* the court found error in the judgment of the justice of the peace and remanded the cause to him to be proceeded with according to law, and from this judgment the lessors appealed. *Error; judgment to be entered for the defendants in error.*

The landlords' action in summary process was based on an alleged failure to pay the rent due for August, September and October, 1919. The tenant pleaded tender. On the first trial the jury found for the tenant, but a new trial was ordered by the Court of Common Pleas. Before the second trial the tenant filed a second defense in the nature of a plea *puis darrein continuance,* alleging payment; to which the landlords replied that the payments were not made and received as rent, but by express agreement were for use and occupation, and without prejudice to the case then pending in the Court of Common Pleas. On the second trial the jury found for the landlords, the tenant brought a writ of error to the Court of Common Pleas, and a new trial was again ordered for errors in the charge. From this judgment of the Court of Common Pleas the landlords appeal.

*Charles J. Martin*, for the appellants (defendant landlords).

*Charles S. Hamilton* and *Charles F. Roberts*, for the appellee (plaintiff tenant).

BEACH, J. The landlords' claim, that the writ of error ought to be dismissed because the trial justice had no jurisdiction to allow a bill of exceptions after forty-eight hours from the acceptance of the verdict, is overruled. In *Brodner* v. *Swirsky*, 86 Conn. 32, 35, 84 Atl. 104, we said, of § 6128: "That statute, by staying execution for forty-eight hours, prevents the defendant's dispossession until he has time to have a bill of exceptions allowed and procure a writ of error. After the writ has been served, it effects a stay during its pendency." The forty-eight hours measures the length of the statutory stay of execution, and is not a limitation on the jurisdiction of the justice to allow a bill of exceptions.

The tenant claims that the reasons of appeal do not comply with the statute and rules of court, because they are general and indefinite, alleging merely that the Court of Common Pleas erred in finding error in the charge of the justice to the jury. If the landlords were appealing directly from the judgment of a trial court, the objection would be well taken; but the issues of law presented by this appeal had already been formulated by the assignments of error in the writ of error and the landlords' plea of nothing erroneous. Nothing is to be gained by attributing specific errors to the Court of Common Pleas, for while the question directly presented is whether that court erred in finding error in the record of rulings of the justice court, that question must be answered by inquiring whether the trial justice erred in any of the respects alleged in the writ of error. If so,

the judgment of the Court of Common Pleas must be affirmed, even though that court might happen to be wrong in the reasons given for its judgment. In fact, the questions presented by this appeal are the same as those presented to the Court of Common Pleas by the writ of error, and the only difference is that the duty of going forward has been shifted upon the landlords by the judgment of that court.

On the merits the case is not entirely free from doubt. The charge, as it appears on the record, is in many places grammatically incomplete, and the tenant has selected phrases and sentences which require correction by the addition or transposition of words; but we think the errors are literary rather than legal.

There were two main issues raised by the pleadings and evidence: whether the tenant had made an unconditional tender of the rent due for August, September, and October, 1919, and whether the subsequent payments admittedly made in November, January, and February, were tendered and accepted as rent under the lease, or, as the landlords alleged and testified, under an express stipulation that they were merely for use and occupation, and without prejudice to their writ of error then pending in the Court of Common Pleas.

On the first issue the trial justice, after quoting the statute, said: "In other words, that if the defendant went to the plaintiff to pay his rent he could ask for a receipt but he could not annex any conditions of what it was for other than a payment of the money." And later in the charge: "A creditor accepting money tendered conditionally assents to the condition and hence he is justified in refusing to accept money conditionally tendered. Whether or not there was a tender is of course a question of fact for you gentlemen. The defendant could not make his tender conditional on his claim that his lease embraced all the property actually

occupied. Such a tender would not be a legal one. On the other hand the plaintiff could not refuse to receive the amount tendered unless it was upon condition that it did not include payment for the undisputed premises and at the same time successfully claim that the defendant had not properly tendered the money."

On the second issue the justice charged: "I have been requested by the defendant, gentlemen, to charge you in reference to certain waivers. First you will determine the preliminary question—I say preliminary because it is preliminary to the November—if the defendant had committed a breach in August, September and October, you have got to determine whether there were breaches then, and if you should so find then you have to determine whether there was a waiver in November by Mr. Resnik, and whether the subsequent December and January and February was a waiver. And it does not seem to me, gentlemen, in view of all the evidence but what the law is clear and explicit upon that. It isn't necessarily so that if the plaintiff accepted money from him, that instantly that was a waiver. You will determine that fact from the conduct of the parties and what transpired before that. That's within your sole province, because if you find the preliminary fact that this defendant broke his lease or the contract with the plaintiff to exercise a waiver, would that be at the election of the lessor, at the election of Mr. Resnik, and the case which Mr. Hamilton quoted to the court clearly states 'but only at the election of the lessor, and that any act whatsoever on his part by word or deed with knowledge of what has been done which signifies his election to affirm the lease is decisive.' In other words, it is for you and within your province to determine that in November and December and January and February, it was for Mr. Resnik, and whether by his acts and conduct in taking the money and the pay-

ments, etc., whether he had elected to exercise his option to recognize the lease. That is for you. . . .

"You will remember the various claims of the parties, the plaintiff claiming that he entered into, and denying that he exercised his election, but that he told him that it would be without prejudice to the case in the Court of Common Pleas. This is disputed by the defendant, but you have the evidence for the plaintiff and the evidence for the defendant, and that's within your sole province to determine where that matter is."

The evidence is made a part of the bill of exceptions and the issues of fact were simple. Practically the only controversy between the parties was as to what was said and done on the several occasions when money was tendered to or paid to the landlords by the tenant. This evidence was fresh in the minds of the jury, and the above-quoted portions of the charge present the issues of law correctly.

In another part of the charge the justice told the jury that it was for them to determine whether there had been a "forfeiture" in respect of the payments made in November, January and February. The context shows that he meant to say "waiver"; and that mistake was immediately cleared up by the more detailed charge on the subject of waiver above quoted.

It is said that the tenant was entitled to have the jury charged, as requested, that if they found that the payments made in November, January and February were paid and accepted as rent under the lease, their verdict should be for the tenant; but the justice stated the law on this point with sufficient accuracy, when he charged that the jury should first determine whether there had been a breach of the lease by nonpayment of the August, September and October rent, and, if they so found, should then determine whether the landlords elected to accept the subsequent payments as rent, or

whether they accepted them on condition that it should be without prejudice to the case in the Court of Common Pleas.

It is claimed that the correspondence between the parties shows that the payment made in January was accepted unconditionally, and that the condition expressed in the receipt mailed to the tenant came too late. The evidence, however, is such that the jury might have found that the tenant left the money in the landlords' office after being told that it would be accepted as a payment for use and occupation, and not under the lease.

If, as the landlords claimed, the lease had already been terminated, they had a right to refuse a belated tender of rent, and to notify the tenant that it would be accepted only as compensation for use and occupation. If the tenant paid the money after that notification, the *status quo* was preserved.

The other assignments of error in the writ of error require no discussion.

There is error, the judgment of the Court of Common Pleas is reversed, and the cause remanded with directions to enter judgment for the defendants in error, the lessors.

In this opinion the other judges concurred.