O & P REALTY *v.* LUCY SANTANA
(6310)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued October 19, 1988—decision released January 10, 1989

*David A. Pels,* for the appellant (defendant).

*Marshall D. Glazer,* for the appellee (plaintiff).

NORCOTT, J. This is an appeal from a judgment for the plaintiff landlord in a summary process action based on the nonpayment of rent. The defendant tenant claims that the trial court erred in holding that a disclaimer by the plaintiff, contained in the notice to quit, prevented the creation of a new tenancy. We find no error.

The facts are undisputed. The plaintiff and the defendant entered into an oral month-to-month lease with rent payments due on the first day of each month. On May 12, 1987, the defendant was served with a notice to quit that contained the following statement: "NOTICE IS HEREBY GIVEN THAT EFFECTIVE THIS DATE ANY MONIES RECEIVED BY THE LANDLORD WILL BE ACCEPTED AS *USE AND OCCUPANCY ONLY AND NOT AS RENT.*" (Emphasis in original.) On May 14, 1987, the plaintiff received and cashed a money order from the defendant on which the defendant had written "Rent full for May 1st–31, 1987." The plaintiff received a similar money order in June, 1987, that the defendant claims constituted her rental payment for June. The plaintiff retained but did not cash this money order.

On June 2, 1987, the plaintiff filed this summary process action. In her answer, the defendant alleged payment as a special defense. The trial court held that the plaintiff's statement contained in the notice to quit, that it would accept any monies tendered solely as use and occupancy charges, was effective to block the creation of a new tenancy.

The defendant argues that in accepting the money orders the plaintiff became bound by the condition the defendant had written thereon, that is, that they were "rent" payments. She further claims that this acceptance of "rent" created a new tenancy and waived the plaintiff's right to continue the summary process action, despite the plaintiff's prior disclaimer. The defendant bases this claim on the argument that under the law of contracts the acceptance of the "conditional" money orders constituted an accord and satisfaction.[1] This argument is without merit.

Our Supreme Court recently set out the law of accord and satisfaction in *County Fire Door Corporation* v. *C. F. Wooding Co.,* 202 Conn. 277, 281–82, 520 A.2d 1028 (1987). The court stated: "*When there is a good faith dispute about the existence of a debt or about the amount that is owed,* the common law authorizes the debtor and the creditor to negotiate a contract of accord to settle the outstanding claim. Such a contract is often initiated by the debtor, who offers an accord by tendering a check [for an amount less than that demanded] as 'payment in full' or 'in full satisfaction.' If the creditor knowingly cashes such a check, or otherwise exercises full dominion over it, the creditor is deemed to have assented to the offer of accord. Upon acceptance of the offer of accord, the creditor's receipt of the promised payment discharges the underlying debt and bars any further claim relating thereto, if the contract of accord is supported by consideration. . . .

---

[1] The defendant also claims that the law of negotiable instruments requires that the acceptance of the "conditional" payments bound the plaintiff to the condition thereon. The arguments in her brief, however, are couched only in terms of the theory of accord and satisfaction. Because the defendant has not properly briefed the issue of the applicability of the law of negotiable instruments by formulating any legal argument, we decline to review it. See *New England Whalers Hockey Club* v. *Nair,* 1 Conn. App. 680, 682 n.2, 474 A.2d 810 (1984).

"A contract of accord and satisfaction is sufficiently supported by consideration if it settles a monetary claim that is *unliquidated in amount.*" (Citations omitted. Emphasis added.) "When a debtor knows precisely how much he is to pay and to whom he is to pay it, his debt is a liquidated one." *Costello* v. *Hartford Institute of Accounting, Inc.,* 193 Conn. 160, 165, 475 A.2d 310 (1984).

As the court made clear, a condition precedent to the making of a contract of accord and satisfaction is that there be a dispute as to the amount owed or an unliquidated claim. See also 1 Am. Jur. 2d, Accord and Satisfaction §§ 18, 26, 27. The defendant has not alleged that the amount owed was in dispute or unliquidated. The only dispute is whether the plaintiff was required to accept the amount paid as "rent" or could accept it as payment for "use and occupancy." On the facts of this case, we therefore conclude that the law of accord and satisfaction does not apply.

The defendant also seems to argue that the trial court erred in determining that the plaintiff's disclaimer was otherwise effective in preventing the creation of a new tenancy. We disagree.

In a month-to-month tenancy, an acceptance by the landlord of a tender of rent after the service of a notice to quit renders the notice void and creates a new tenancy. *Kligerman* v. *Robinson,* 140 Conn. 219, 222, 99 A.2d 186 (1953). In *Casner* v. *Resnik,* 95 Conn. 281, 287, 111 A. 68 (1920), the court held, however, that "[i]f, as the landlords claimed, the lease had already been terminated, they had a right to refuse a belated tender of rent, and to notify the tenant that it would be accepted *only as compensation for use and occupation.* If the tenant paid the money after that notification, the status quo was preserved."

Housing court decisions in this state, often citing *Casner,* have repeatedly held that a landlord may accept a tender of rent after the service of a notice to quit and characterize it as payment for use and occupancy if the landlord has, *prior to the offer of rent,* notified the tenant that the tender will be accepted only as use and occupancy payments. See *Schwartzberg* v. *Arbour,* 22 Conn. Sup. 395, 173 A.2d 895 (Cir. Court 1961); *Donoher* v. *Depino,* Superior Court for the judicial district of New Haven, Docket No. SPNH 8408-7417BR (December 6, 1984); *Hintlian* v. *Beachard,* Superior Court for the judicial district of Hartford-New Britain at New Britain, Docket No. SPN-8203-3512-WE (April 8, 1982); *Wethersfield Gardens* v. *Tabor,* Superior Court for the judicial district of Hartford-New Britain at Hartford, Docket No. SP-H-8112-13227 (February 23, 1982); *Housing Authority of the Town of East Hartford* v. *Carroll,* Superior Court for the judicial district of Hartford-New Britain at Hartford, Docket No. SP-H-8009-7856EH (December 9, 1980); *East Hartford Housing Authority* v. *Mastrangelo,* Superior Court for the judicial district of Hartford-New Britain at Hartford, Docket No. SP-H-7909-2887EH (November 14, 1979); *Galati* v. *Thompson,* Superior Court for the judicial district of Hartford-New Britain at New Britain, Docket No. SPN-7909-702-NB (October 23, 1979); *Hartford East Apartments* v. *Raum,* Superior Court for the judicial district of Hartford-New Britain at Hartford, Docket No. H-7903-00912EH (June 19, 1979). In fact, the use of such disclaimers was praised in *Zitomer* v. *Palmer,* 38 Conn. Sup. 341, 343–44, 446 A.2d 1084 (App. Sess. 1982) in which the court concluded that "[t]he added statement clearly admonishes that any sums offered after receipt of the notice [to quit] will be retained for purposes other than rent. The admonition serves two useful purposes. It avoids misleading tenants who tender late payments

and it insulates the summary process action from being flawed by the acceptance of rent after commencement of the summary process."[2] We agree with this analysis.

Additionally, from a policy point of view, summary process actions are designed "to permit the landlord to recover possession on termination of a lease . . . without suffering the delay, loss and expense to which he may be subjected under a common-law action. . . . The process is intended to be summary and is designed to provide an expeditious remedy to the landlord seeking possession." (Citations omitted.) *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973); *Southland Corporation* v. *Vernon,* 1 Conn. App. 439, 445, 473 A.2d 318 (1984). A holding that disclaimers such as the one at issue here are ineffective would force landlords to file a motion for use and occupancy payments pursuant to General Statutes § 47a-26b in every case and would require them to return any tendered offers of rent or run the risk of subjecting their summary process actions to dismissal. See *Alteri* v. *Layton,* 35 Conn. Sup. 258, 408 A.2d 17 (1979). This is not a desirable policy and does not comport with the objectives of the summary process statute.

We hold, therefore, that the trial court did not err in determining that the plaintiff's disclaimer in the notice to quit, having been served on the defendant prior to her tender of the money order marked "rent," effectively prevented the creation of a new tenancy and

---

[2] The disclaimer in *Zitomer* contained in the notice to quit stated: "Any payments tendered after service of the notice to quit will be accepted for reimbursement of costs and attorneys' fees and for use and occupancy only with full reservation of rights to continue with the eviction action." *Zitomer* v. *Palmer,* 38 Conn. Sup. 341, 343, 446 A.2d 1084 (App. Sess. 1982).

We do not decide the effect of those portions of that disclaimer referring to costs and attorneys fees as they do not appear in the disclaimer in the case before us.

preserved the plaintiff's right to continue the summary process proceeding.

There is no error.

In this opinion the other judges concurred.