[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #103
The plaintiff filed a four count complaint dated March 16, 1990. The plaintiff, L I, Incorporated, is a Connecticut corporation engaged in the business of leasing, selling and servicing trucks, trailers and heavy equipment. The plaintiff alleges that on January 10, 1987, the plaintiff and the defendant, D S Brothers, Inc., entered into an oral purchase agreement in which the plaintiff delivered to the defendant a single C52 Coyote Loader ("Loader").
Plaintiff further alleges that under the terms of the agreement the defendant was to pay $2500 each month for thirty-six (36) months beginning on January 10, 1987.
The plaintiff asserts that in May of 1989 the defendant was late in mailing the 29th payment. The plaintiff then contacted the defendant about the late payment. The defendant stated that the agreement obligated the defendant to only make 30 payments of $2500 each and that the next payment is the last one due under the agreement. In reply the plaintiff asserts that it sent a registered letter dated July 10, 1989 to the defendant which CT Page 6479 stated that the agreement required 36 payments of $2500 each. The plaintiff asserts that the defendant did not notify it regarding the contents of the letter. Therefore, the plaintiff states that the check represented just the 30th installment. The plaintiff alleges that the defendant breached its agreement with the plaintiff in that it failed to make the final six (6) payments due on July 10, 1989 through December 10, 1989.
The plaintiff alleges it has made demand upon the defendant for payment of the outstanding amount under the terms of the agreement and that the defendant has refused to pay and still has possession of the Loader. The plaintiff alleges the defendant owes the plaintiff $15,000. The plaintiff further alleges that the defendant has been unjustly enriched by retaining possession of the loader. Furthermore the plaintiff alleges that the defendant under the terms of the agreement agreed to pay the plaintiff the reasonable value of the Loader, which the defendant has refused to pay. Lastly the plaintiff alleges that the defendant's conduct amounts to a violation of Connecticut Unfair Trade Practices Act ("CUTPA") Conn. Gen. Stat. 42a-110 et seq.
On July 13, 1990 defendant filed a motion for summary judgment, a memorandum of law in support, and an affidavit of Steve Praskievicz, president of the defendant corporation. Defendant's basis for summary judgment is based on its affirmative defense of accord and satisfaction stating that there is no issue of fact or law. The pleadings were not closed before the defendant made a motion for summary judgment. However, the pleadings were closed before the matter was heard at short calendar.
On June 5, 1991 plaintiff filed a memorandum in opposition to defendant's motion for summary judgment, an affidavit of Peter Inzero, vice president of L I, Inc., and an affidavit of Linda Gagnon, secretary and bookkeeper of L I, Inc. The plaintiff asserts that the defendant has failed to introduce sufficient evidence to establish the elements of accord and satisfaction and therefore summary judgment should be denied.
A party is entitled to summary judgment if he would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). "A motion for summary judgment should be granted only when the pleadings, affidavits and other, proof show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Practice Bk. 394." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574
(1987). A material fact has been defined as a fact which will make a difference in the result of a case. Catz v. Rubenstein,201 Conn. 39, 48 (1986). "The party moving for summary judgment CT Page 6480 has the burden of showing the absence of any genuine issue as to all the material facts." State v. Goggen, 208 Conn. 606, 615
(1988) (citation omitted). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Id. at 616. "In passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist." McColl v. Pataky, 160 Conn. 457, 459
(1971) (citations omitted).
 When there is a good faith dispute about the existence of a debt or about the amount that is owed, the common law authorizes the debtor and creditor to negotiate a contract of accord to settle an outstanding claim. Such a contract is often initiated by the debtor, who offers an accord by tendering a check as "payment in full" or "in full satisfaction." If the creditor knowingly cashes such a check, or otherwise exercises full dominion over it, the creditor is deemed to have assented to the offer of accord. Upon acceptance of the offer of accord, the creditor's receipt of the promised payment discharges the underlying debt and bars any further claim relating thereto, if the contract of accord is supported by consideration.
Blake v. Blake, 211 Conn. 485, 491 (1989) (citations omitted).
"[A] condition precedent to the making of a contract of accord and satisfaction is that there be a dispute as to the amount owed or an unliquidated claim." O P Realty v. Santana,17 Conn. App. 314, 317 (1989). "A contract of accord and satisfaction is sufficiently supported by consideration if it settles a monetary claim that is unliquidated in amount . . . where it is admitted that one of two specific sums is due, but there is a dispute as to which is the proper amount, the demand is regarded- as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction." County Fire Door Corporation v. C. F. Wooding Co., 202 Conn. 277, 282 (1987). "Where the claim is unliquidated, any sum, given and received in settlement of the dispute, is a sufficient consideration." Id.
The defendant asserts that it tendered a check to the plaintiff with the words on the check "Final payment C52 rental purchase agreement" and that this clearly indicated to the plaintiff that this was in full satisfaction for any monies owed of the Loader. The plaintiff counters that it did not know "in some unmistakable manner" that acceptance of the check would CT Page 6481 discharge the remaining six payments owed by the defendant.
The plaintiff asserts that the amount owed is a liquidated sum and therefore is not subject to summary judgment. The plaintiff further asserts that there was not a good faith dispute between the parties which is a condition precedent to accord and satisfaction. It is also a question that when plaintiff deposited the check whether it knew of the restrictive legend of "in full satisfaction."
"[Q]uestions about motive, intent and good faith should not be resolved by summary judgment." Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 451 (1984).
Issues of fact exist in this case before the court, questions involving motive, intent and good faith are involved. Therefore, summary judgment is denied.
DONALD T. DORSEY, JUDGE