[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gerrity Company, Inc., has filed a prejudgment attachment as to certain real property owned by one of the defendants, Gordon Kirkman, a guarantor of the obligations of defendant Spencor Construction Company, Inc. ("Spencor") as to its account with the plaintiff.
Defendant Kirkman has moved to dissolve the attachment, claiming that the plaintiff cannot establish probable cause because the debt guaranteed by Kirkman was extinguished as a result of an accord and satisfaction.
This court has addressed the same claim as to a prior attachment enacted ex parte by the plaintiff pursuant to a commercial waiver of the procedures of 52-278a-e C.G.S. In that case, Gerrity Company, Inc. v. Spencor Construction Company, Inc., CV 920329586, the plaintiff's attachment was challenged by a motion to dissolve. Instead of presenting evidence to CT Page 7397 establish probable cause, the plaintiff relied on a stipulation of facts from which the court determined that the probability was that the defendants would prevail on their defense of accord and satisfaction and granted the motion to dissolve the attachment. It now appears that that stipulation omitted some facts that are crucial to a determination of the matter.
The plaintiff withdrew the case known as CV 920329586 and commenced the action now before the court. On this occasion, the plaintiff has presented testimony and documents both as to its claim that payment is due and as to the defense of accord and satisfaction.
The trial court's function in deciding an application for a prejudgment remedy pursuant to 52-278a et seq., is "to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits." Bank of Boston, Connecticut v. Schlesinger, 220 Conn. 152, 156
(1991); New England Land Co., Ltd v. DeMarkey, 213 Conn. 612,620-21 (1990). Section 52-278k C.G.S. provides that upon the filing of a motion to dissolve the court may vacate or modify any prejudgment remedy "upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy at an initial hearing thereunder," that is, a determination of lack of probable cause. Kukanskis v. Griffith, 180 Conn. 501, 504 (1980).
The Supreme Court has stated that "probable cause" is a standard that does not require a showing that the plaintiff will actually prevail, New England Land Co. v. Markey, supra, at 620-21; and that the trial court's role is to "weigh the probabilities," id.; Ledgebrook Condominium Ass'n. Inc. v. Lusk Corp., 172 Conn. 577, 584 (1977); however, the degree of weight has not yet been specified. Because the Supreme Court has stated that a full scale trial on the merits is not contemplated, it appears that the quantum of proof is less than that required as to a full scale trial, that is, less than a preponderance of the evidence.
In Connecticut v. Doehr, 111 S.Ct. 2105, 2114 (1991), the United States Supreme Court expressly declined to rule as to the quantum of proof required. When that Court found a Louisiana sequestration statute to be constitutional in Mitchell v. W. T. Grant Co., 416 U.S. 600, 605-6; 94 S.Ct. 1895,40 L.Ed.2d 406 (1974), the required proof was, however, a "clear showing", and this court will use that standard in the absence of post-Doehr guidance from the Connecticut Supreme Court.
Defenses are to be considered in determining the probability of success. Maryland Land Co., Ltd v. DeMarkey, 213 Conn. 612, CT Page 7398 623-24 (1990).
The court finds the facts to be as follows. At the end of January 1992, the plaintiff company, which sells building materials to contractors, had records indicating that defendant Spencor owed it $48,988.10 for building materials. Spencor had not made a payment since September 27, 1991, when it paid $14,546.14 to the plaintiff.
Sheila Smith, credit manager of the plaintiff's North Haven branch, asked Attorney Joseph Glass to institute a collection suit. She supplied him with the credit application, which included the personal guarantee of three individuals, including the movant, Gordon Kirkman, and a one-page computer record which she transmitted to Attorney Glass by fax machine (Ex.E). The testimony did not indicate that Attorney Glass ever had any discussion with any representative of the plaintiff concerning the balance claimed to be due. He read Exhibit E as stating an outstanding balance of $14,546.14 and garnished Spencor's bank account and real property of the guarantors to that extent, identifying the same figure as the amount due in the unsigned writ, summons and complaint that accompanied the attachments (Ex. F). The sum indicated was, in fact, not the whole balance due, but rather the amount of Spencor's last payment. The garnishment was served on Spencor's bank on February 12, 1992, and Howard Gould, counsel for Spencor, called Attorney Glass immediately because the garnishment of its checking account would prevent Spencor from paying its employees on Friday, February 14. Attorney Glass testified that Attorney Gould asked him what it would take to release the garnishment, and Attorney Glass named the amount stated in the complaint, $14,546.14, plus the sheriff's fee, a sum he rounded to $14,700.00. Attorney Gould stated that Spencor would pay that amount, and that he would use his client account to facilitate a quick transaction. Douglas Cymbala, an officer of Spencor and one of the three guarantors, hand-carried the check to Attorney Glass' office on Friday, February 14, 1992, along with a letter from Attorney Gould (Ex J) which began with the statement that "[t]he enclosed check is submitted in full and complete payment of the Gerrity Company, Inc. amount for Spencor Construction Company, Inc." and which stated that payment was being made on the condition of delivery of an immediate release of the garnishment, release of the real estate attachments within three days, and a general release to "my client", also to be supplied within three days. Attorney Glass did not, as far as the evidence presented shows, confer with his client at any time concerning this transaction prior to his receipt of the check, apparently because he believed he was collecting the full amount of the claim. He testified to the effect that Attorney Gould did not at any time indicate that the plaintiff had ever sent invoices for greater amounts than CT Page 7399 $14,546.14, and that Attorney Gould never characterized the transaction as a compromise of the plaintiff's claim or anything other than payment in full of the balance claimed to be due in the complaint.
Attorney Gould was present throughout Attorney Glass' testimony concerning this transaction and was not called as a witness by the movant. Though one of the other guarantors, Douglas Cymbala, testified that he had disputed the amount due in connection with an employee from the plaintiff's Newton, Mass. office, there is absolutely no evidence that any such dispute was mentioned or played any part in the transaction between Attorney Glass and Attorney Gould, nor is there any evidence that the amount to be paid was characterized by either of them as a resolution of a disputed claim.
Having had no communication with the client since receipt of Mrs. Smith's fax, Attorney Glass deposited the check from Attorney Gould to his own client fund account and issued a check to Gerrity Company in the amount of $14,700., with a cover letter indicating that Mrs. Smith, , the credit manager, should sign an enclosed general release and that the check was "in full payment of the above matter." (Ex.K).
When she received this communication on February 18, 1992, Mrs. Smith advised Attorney Glass that the total amount owed by Spencor was not $14,700.00 and that she did not intend to sign the general release, as more was owed. Attorney Glass advised Mrs. Smith to deposit his check. She did so and credited it as a partial payment by Spencor. Attorney Glass contacted Attorney Gould and told him there had been a mistake and that no general release could be issued. Attorney Gould replied in writing in a letter, (Ex. L) in which he stated:
 You have since advised us that Gerrity claims a much larger sum than was previously indicated. Indeed, upon checking our records there does appear to be another invoice. I can assure you that our motivation in making immediate payment was not take advantage of what appears to be your client's clerical error. . . .
He then offered to discuss a fair resolution.
On February 25, 1991, Attorney Glass caused a deputy sheriff to serve new real estate attachments on the property of the guarantors and filed a new writ, summons and complaint on Spencor and guarantors Douglas Cymbala, Allan S. Hull and Gordon Kirkman in which Gerrity Company, Inc. alleged an indebtedness of CT Page 7400 $48,988.10, partial payment of $14,700., and a balance due of $34,288.10. That action, CV92-0329586, was withdrawn after the attachments were dissolved. The present action makes the same allegation as to the amounts due and paid.
The $14,700.00 payment has been retained in escrow by Attorney Glass for the benefit of the plaintiff.
The movant claims that the acceptance by Attorney Glass of Attorney Gould's check and his depositing of the check on behalf of his client, Gerrity, constitute an accord and satisfaction. He cites the ruling of the Connecticut Supreme Court in County Fire Door Corporation v. C. F. Wooding Co., 202 Conn. 277 (1987). In that case, the court found that a creditor, who accepted and cashed a check marked "in full satisfaction of all claims. . ." after a discussion in which creditor and debtor espoused differing opinions as to the amount due, had accepted an offer to form a valid accord and satisfaction of the disputed claim. Both in County Fire Door Corporation and subsequently, in Blake v. Blake, 211 Conn. 485, 492 (1989), the necessary predicate for an accord and satisfaction was held to be "the existence of a good faith dispute about the existence of the debt or the amount owed." A contract of accord and satisfaction is sufficiently supported by consideration if it settles a monetary claim that is unliquidated in amount. Blake v. Blake, supra, at 491. Where, however, the amount due is clear, the debt is a liquidated one and is not reduced by acceptance of a payment in a lesser amount marked "payment in full." O P Realty v. Santana, 17 Conn. App. 314,317 (1989).
The claim which Attorney Glass discussed with defendants' counsel, Attorney Gould, was restricted to the claim made in the complaint on which the garnishment of Spencor's account was based. The claim under discussion was at all times the claim for $14,546.14 identified in the complaint, as Attorney Glass had no idea of the existence of any greater indebtedness and therefore cannot be characterized as having been negotiating the resolution of an unliquidated debt at the time he identified to Attorney Gould the sum required for release of the garnishment and property attachment. Attorney Gould's letter, cited above, supports this finding.
The movant's failure to call Attorney Gould as a witness as to the substance of the agreement that led to the payment also supports a finding that he would not have testified that he was negotiating reduction of any indebtedness beyond the claim stated in CV 920329586.
The court finds that it is not probable that the trier of the case on the merits will conclude that there was ever CT Page 7401 an agreement to accept $14,700.00 as payment of the full indebtedness of Spencor to the plaintiff, and that the agreement was only that the case would be withdrawn and the garnishment and attachment released upon payment of that sum. It appears likely that upon the trial on the merits it will be found that this actual agreement was fulfilled, and that the movant will fail to prove that the plaintiff entered into any further agreement that would preclude recovery of the balance alleged in the present action.
The plaintiff, in its motion, seeks an attachment in the amount of $30,000.
The court finds that the plaintiff has established probable cause that it will recover $30,000.00 on an indebtedness for which Gordon Kirkman is a guarantor, and the motion to dissolve the attachment of the real property of defendant Gordon Kirkman is therefore denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT