[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, John and Gabriel DeCsepel, filed a one count complaint to collect on a promissory note against the defendants, Joseph Cassin, Michael Grean, and JM Associates. The plaintiffs allege in the complaint that, on December 23, 1985, JM Associates, acting through its general partners, Cassin and Grean, executed a promissory note. The plaintiffs further allege that the defendants are in default for not paying the principal balance of the promissory note when it became due.
The plaintiffs have filed a motion (#132) for summary judgment on the ground that there are no genuine issues of material fact. The plaintiffs also filed an affidavit, answers to interrogatories, and deposition testimony in support of its motion. The defendants filed affidavits and documentary evidence CT Page 4223 in opposition to the motion.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Waterand Way Properties v. Colt's Manufacturing Co., 230 Conn. 660,664, 646 A.2d 143 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., supra, 230 Conn. 665.
The plaintiffs argue that the defendants admit that they have not repaid the principal amount of the note, and that their special defense of accord and satisfaction is invalid because the debt is liquidated, and there was no performance by the defendants. The defendants contend that there was consideration for the accord and satisfaction and that the defendants reasonably performed their part of the agreement.
"When there is a good faith dispute about the existence of a debt or about the amount that is owed, the common law authorizes the debtor and the creditor to negotiate a contract of accord to settle the outstanding claim. . . . Upon acceptance of the offer of accord, the creditor's receipt of the promised payment discharges the debt and bars any further claim thereto, if the contract of accord is supported by consideration. . . . A contract of accord and satisfaction is sufficiently supported by consideration if it settles a monetary claim that is unliquidated in amount. . . . Where it is admitted that one of two specific sums is due, but there is a dispute as to which is the proper amount, the demand is regarded as unliquidated, within the CT Page 4224 meaning of that term as applied to the subject of accord and satisfaction. . . . Where the claim is unliquidated any sum, given and received in settlement of the dispute, is a sufficient consideration." (Citations omitted; internal quotation marks omitted.) County Fire Door Corp. v. C.F. Wooding Co., 202 Conn. 277,281-82, 520 A.2d 1028 (1987).
The plaintiffs have presented evidence that the debt owed was in the amount of $550,000. The defendants have offered no evidence in which they dispute that the amount originally owed to the plaintiffs was $550,000, but only that they presently owe the defendants $300,000 pursuant to an accord and satisfaction. Because it is undisputed that the defendants owed the plaintiffs $550,000 on the promissory note, the debt is liquidated. "`When a debtor knows precisely how much he is to pay and to whom he is to pay it, his debt is a liquidated one.'" OP Realty v. Santana,17 Conn. App. 314, 317, 551 A.2d 1287, cert. denied, 210 Conn. 812,556 A.2d 610 (1989). Therefore, because the debt at issue is liquidated, the defense of accord and satisfaction is unavailable because there is no consideration. See County Fire Door Corp. v.C.F. Wooding Co., supra, 202 Conn. 282. The defendants, citingCounty Fire Door Corp. v. C.F. Wooding Co., supra, 202 Conn. 281
n. 2, maintain that an accord is enforceable, even without consideration, if it is supported by the debtor's reliance on the creditor's promise to forgive the remaining outstanding debt. Nevertheless, although the Supreme Court has recognized that quasi-contractual principles can be applied to contracts of accord and satisfaction, it does not logically follow that the court in this footnote has removed the requirement that the debt be unliquidated.
The plaintiffs also argue that if there is a contract of accord and satisfaction, the defendants have not tendered performance. The defendants assert that they have performed their part of the accord.
Whether there has been performance on the alleged accord is a question of fact not appropriately determined on a motion for summary judgment. Nevertheless, it has been determined, as discussed above, that a defense of accord and satisfaction does not lie for a liquidated debt, and therefore, the court need not determine whether there was or was not any performance of the alleged accord. The plaintiffs have provided evidence that the defendants have not paid the principal amount due on the promissory note in question, and therefore, there is no genuine CT Page 4225 issue as to a material fact. Accordingly, the plaintiffs' motion for summary judgment is granted.
So Ordered.
Dated at Stamford, Connecticut this 21st day of April, 1995
WILLIAM BURKE LEWIS, JUDGE