[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this residential summary process action, the plaintiff seeks to dispossess the defendant Juana Rosada on the statutory ground of serious nuisance. Specifically, the plaintiff served a Notice to Quit on the defendant stating the following grounds:
 1. Violation of Conn. Gen. Stat. § 47a-11(g); Serious Nuisance; Using the Premises for the Illegal Sale of Drugs. Jorge Madera never had a right or privilege to occupy the premises.
The defendant denied the allegations of using the premises for the illegal sale of drugs. In addition, the defendant filed a special defense alleging that the plaintiff demanded rent prior to service of the notice to quit and that the plaintiff accepted rent after the service of the notice to quit.
 I
The plaintiff proceeded to trial, seeking to dispossess this defendant on the following allegations:
 4. On or about January 23, 1995, the premises described above were used for the illegal sale of drugs.
 5. The defendant, Juana Rosada, failed to conduct herself in a manner that would not constitute a serious nuisance in violation of Conn. Gen. Stat. Sec. 47a-11(g), in that she used the premises for the illegal sale of drugs.
Complaint dated April 27, 1995, ¶¶ 4 and 5.
C.G.S. § 47a-11(g) provides in pertinent part that a tenant shall "conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will . . . not constitute a serious nuisance, as defined in section 47a-15";. Serious nuisance is defined in § 47a-15 as "using the premises for prostitution or the illegal sale of drugs." Since the plaintiff has pleaded specifically that thisdefendant used the premises for the sale of drugs and not the broader allegation that she allowed others to use it, the court does not need to consider the issue of this defendant's knowledge CT Page 11197 of the conduct of others[1].
At trial, the court heard testimony from two witnesses. The court found the plaintiff's witness credible and probative. Detective Battistone of the Hartford Police Department testified to his surveillance and arrest of the nonappearing defendant, Jorge Madera, at the premises on January 23, 1995. He recalled observing activity outside the premises for several minutes, then approaching the premises and using a hand signal to alert Mr. Madera to his intent to purchase drugs. As the detective approached the door to the premises, he noticed the defendant Juana Rosada looking out of the second floor window. At the door to the premises, Mr. Madera showed the detective two bags of heroin, which later tested positive in a Valtox test. The detective informed him he was a police officer, and, when Mr. Madera ran upstairs, the police officers followed him into the bedroom occupied by Ms. Rosada. In the bedroom more drugs were found on the person of Mr. Madera and drugs were found on the bed in a baby powder container. The police found a total of 88 glassine bags of heroin, packaged in seven bundles of ten and eighteen loose glassine bags. Ms. Rosada was in the bedroom when the police recovered the bags of heroin from the baby powder container. The defendant testified to the events of the same date, denying knowing Mr. Madera or the existence of illegal drugs in her bedroom. The court does not find her testimony credible.
Based upon the testimony of Detective Battistone and all reasonable inferences drawn therefrom, the court finds by a fair preponderance of the evidence that an illegal sale of drugs took place on the premises and the defendant violated C.G.S. 47a-11(g) by using her premises for the illegal sale of drugs. Her presence at the window in her role as a lookout as well as her presence in the bedroom with the 78 bags of heroin support this finding.
In her special defenses, the defendant raised the demand for rent sent to her a few days prior to the Notice to Quit, which was served on April 4, 1995. She argues that this demand makes the Notice to Quit equivocal. However, unlike 617 Park StreetLimited v. Diakomanolis, Doc. No. 9407-76760, H-1034 (10/31/94), cited by the defendant for this proposition, this is a serious nuisance case and no lease negotiations were ongoing. The demand for rent prior to the notice to quit does not waive the plaintiff's right to terminate a lease on the basis of serious nuisance. The court is persuaded by the analysis in HartfordCT Page 11198Housing Authority v. Rivera, Doc. No. 8703-37364, H-829 (6/2/87), where Judge Kaplan noted the distinctions between nonpayment and serious nuisance cases. The court finds that the Notice to Quit was unequivocal in its reasons for termination and its intent to terminate. The computer generated rent invoice sent several days earlier did not render it equivocal.
The defendant further argues that the acceptance of rent by the plaintiff after the service of the Notice to Quit created a new tenancy. As to the acceptance of rent after the Notice to Quit, the court is persuaded by the reasoning of Hartford HousingAuthority v. Graves, Doc. No. 8803-43433, H-868 (11/1/88)(Doyle, J.), and is bound by the authority of OP Realty v. Santana,17 Conn. App. 314, 317-320 (1989). In light of the disclaimer contained in the Notice to Quit which informs the defendant that all payments made after the notice to quit will be accepted as use and occupancy only, the fact that the plaintiff provided the defendant with a receipt which noted in a preprinted form the April 6, 1995 payment as "Rent and misc." is not sufficient to prove this special defense.[2] No new tenancy was created by the April 6, 1995 payment to the plaintiff.
Judgment of possession may enter in favor of the plaintiff on the ground of serious nuisance.
Alexandra Davis DiPentima, Judge