[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS
This is a summary process action brought by the Glastonbury Housing Authority. It alleges that the defendants failed to comply with various requirements and failed to pay for damages allegedly caused by them. The complaint alleges that the authority complied with various federal and state notice requirements and requests possession of the premises.
The defendant Robbin Standish has moved to dismiss the action on the ground that the notice to quit is equivocal and thus ineffective to terminate the tenancy. The gravamen of the motion is that the combination of the standard use and occupancy clause with a federally required clause stating that the defendants may request a hearing to suggest "why the Authority should not terminate [the] lease" creates an ambiguity as to when the rental agreement is terminated. The plaintiff authority urges that there is no insurmountable ambiguity. CT Page 5886
The issue of potential or actual ambiguity in the context of combined state and federal notices is not a new one; both sides in this case have submitted extensive authority. The nature of the continuing controversy may be summarized as follows.
In Connecticut, an unequivocal act terminating the tenancy is a jurisdictional requirement for a summary process action. See, e.g., Housing Authority v. Hird, 13 Conn. App. 150, 155 (1988). Because the notice to quit customarily terminated the tenancy on service; see Borst v. Ruff, 137 Conn. 359, 361 (1950); and because federal regulations typically required service of a notice providing for the opportunity to contest a proposed
termination of the tenancy prior to actual termination, it had been held that simultaneous service of the two sorts of notices, or a combination of the two sets of requirements in one notice, created an untenable ambiguity as to whether or not the tenancy was actually terminated. See, e.g., Fairway Gardens, Inc. v. May, NH-538, 2 CONN. L. RPTR. 715 (1990).
The tension was ameliorated by two events in the early 1990's. In Intown Management Corp. v. Knowling, H-959 5 CONN. L. RPTR. 89 (1991), Judge Berger quite aptly explained that although the typical notice to quit in Connecticut indicated that the tenancy was terminated by service, there was no reason why a notice to quit necessarily terminated a rental agreement on service. There further was no equivocation in a situation where a tenancy was stated to be terminated at a specific date in the future, even if there was a possibility of resolution of the dispute in the interim. Shortly after Intown Management was decided, the General Assembly codified the result in what became § 47a-23 (e) of the General Statutes:
 A termination notice required pursuant to federal law and regulations may be included in or combined with the notice required pursuant to this section and such inclusion or combination does not thereby render the notice required pursuant to this section equivocal, provided the rental agreement or lease shall not terminate until after the date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of completion of the pretermination process, whichever is later.
Wrinkles, however, have remained; one concerns the "use and occupancy" clause. It has become standard to include in notices CT Page 5887 to quit a clause providing that any payments received after the service of the notice to quit will be accepted by the landlord as payments for use and occupancy rather than rent. In the absence of such a clause, the acceptance of payment may be construed to be acceptance of "rent", and, as "rent" is consistent only with the existence of a rental agreement, the acceptance of rent is inconsistent with the termination of a tenancy and may have the effect of rendering the notice to quit equivocal. A payment for use and occupancy, on the other hand, in consistent with the tenancy by sufferance which is created by the termination of the rental agreement. See Zitomer v. Palmer, 38 Conn. Sup. 341, 343
(1982).
As noted in this court's very recent decision in MansfieldAssociates v. Clemente, No. SPH 96949 (1998), there is a split of authority, and no binding authority, concerning the inclusion of a "use and occupancy" clause and a future termination of the tenancy. In Clemente, this court opined that the more logical choice was to hold that the inclusion of the inconsistent clauses rendered the notice equivocal: as the use and occupancy clause is consistent only with immediate termination, and the "proposed termination" is consistent only with future termination, then the notice is equivocal, at least as to the timing of the termination.
The plaintiff argues that the reasoning of Clemente, even if correct, ought not to extend to the facts of the instant case, because the notice to quit does not contain the words "proposed termination" and because the termination date is the quit date. Both variations are distinctions without differences. Although the phrase "proposed termination" is not used, the opportunity is presented to request a hearing to give reasons "why the Authority should not terminate your lease. . . .". And although it is conceivable that, by operation of § 47a-23 (e), a termination could not be effective until the quit date at the earliest, such is not stated in the notice. The same ambiguity, then, exists: if payments will be accepted only for use and occupancy, then the rental agreement must have been terminated; but the lease would not be terminated until the quit date, at the earliest.
The resolution of the difficulty is not impossible. So long as use and occupancy payments are not called for prior to the time when the lease is terminated, the inconsistency present in this case will be avoided. CT Page 5888
The motion to dismiss is granted.
Beach, J.