[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action in summary process whereby the plaintiff landlord seeks possession of a dwelling unit for reasons of nonpayment of rent. A judgment by default for failure to appear was entered on December 18, 2000. The pro se defendant filed an Application for Ex Parte Temporary Injunction on January 26, 2001, and the Temprorary Injunction and an Application for Waiver of Fees and Costs were granted by the court (Sullivan, J.) on that date. The defendant also filed a Motion to Open Judgment which was granted by Judge Sullivan. This case was continued to April 16, 2001, for a summary process trial. The issue before the court at trial was nonpayment of the October 2000 rent.
The evidence at trial established the following facts: The defendant and the plaintiff housing authority entered into a written month-to-month lease on November 17, 1998. The terms of the lease indicated that "Rents are established and revised by [the housing authority] under applicable federal and state laws and regulations." The lease described the premises as a "federal low rent project." Thus, the initial November 1998 rent was $35.00, to be adjusted according to the defendant's income (plaintiff's Exhibit A). By October 2000, the month of the alleged nonpayment, the defendant's rent was $113.00 per month.
The defendant admitted in her answer, and admitted at trial, that she failed to pay the October 2000 rent in a timely fashion. On January 30, 2001, as a prerequisite to having the December Judgment by Default opened, the defendant paid the plaintiff's attorneys the amount of $334.00, per order of Judge Sullivan.
The Notice to Quit which was issued by the plaintiff on October 13, 2000, contained the following language: "NOTICE: All payments made by you, on or after the termination date indicated in this notice, shall be accepted as USE AND OCCUPANCY ONLY without prejudice to the East Hartford Housing Authority's right to evict you." (emphasis in original.) Any tender of rent after the service of a notice to quit may be characterized as use and occupancy only if the tenant is notified of this fact in the Notice to Quit. OP Realty v. Santana, 17 Conn. App. 314, 318 (1989). The circumstances indicate that there was a nonpayment in October 2000, and any subsequent payments were for use and occupancy only.
In a judgment of summary process eviction for nonpayment of rent, the defendant is entitled to file an application for stay of execution, CT Page 8014 pursuant to C.G.S. Sections 47a-37 and 47a-39, if within five (5) days of judgment she deposits with the clerk of the court the full arrearage. The plaintiff claimed at trial that the outstanding arrearage was $727.00, exclusive of costs and legal fees. However, at the time of the hearing on April 16, 2001, and based on the figures provided in plaintiff's Exhibit A, the total arrearage as of the April 2001 hearing (including $145.00 use and occupancy for April) would have been $395.00. The defendant had paid $334.00 toward this amount per order of Judge Sullivan. Thus, incorporating the use and occupancy for May and June contemplated by the figures provided in plaintiff's Exhibit A, full arrearage as to use andoccupancy only as of the date of this judgment is $351.00. Regarding legal fees calculated in Exhibit A, it has been stated, and this court agrees, that "[o]ur summary process laws cannot be used as an anvil upon which to hammer out legal fees." Hartford East Apartments v. Raum, No. H-7903-00912-EH, H-55 (1979). See also, Oakland Heights Mobile Home Parkv. Simon, No. CV-21-5750, TC-573 (1993), reversed on other grounds,36 Conn. App. 432 (1994). The evidence produced at trial reflects that the defendant's rent was $113.00 per month for October and November 2000. Due to the defendant's termination from Lowe's, her rent was reduced to $6.00 per month effective December 1, 2000, a reduction which remained in place until April, 2001, when the rent rose to $145.00 per month. Through June 2001, the outstanding use and occupancy due the plaintiffs is $685.00, minus the amount paid to plaintiff's attorneys prior to these proceedings of $334.00.
Therefore, judgment of possession may enter for the plaintiff. The arrearage for the outstanding use and occupancy as of the date of judgment is $351.00, and that is the full arrearage amount for purposes of an application for stay of execution. The defendant has, pursuant to C.G.S. Section 47a-37, five (5) days from the date of this judgment to deposit this amount with the clerk of the court in order to benefit from any relief which may be granted pursuant to C.G.S. Section 47a-39.
Each party shall be responsible for its own attorney's fees and costs.
Mulcahy, J.