# W. John O'Keefe v. The Atlantic Refining Company.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued January 8—decided March 6, 1946.

*George E. Beers* and *William L. Beers,* for the appellant (defendant in error).

*Charles Albom,* with whom, on the brief, was *Nelson Harris,* for the appellee (plaintiff in error).

MALTBIE, C. J. The defendant in this writ of error, hereinafter called the lessor, brought an action of summary process against the plaintiff in this writ, the lessee, before a justice of the peace in New Haven, where the land involved was located. The lessee made a motion to transfer the case to the City Court of New Haven; the justice denied it; and ultimately judgment was rendered for the lessor. The lessee then brought this writ of error, alleging, among other grounds for relief, the denial of the motion to transfer the case. The trial court, in sustaining the writ, placed its decision solely upon the ground that the justice erred in that ruling.

Section 5307 of the General Statutes provides: "In

any civil action returnable before any justice of the peace, either party to the action may, previous to trial, make written motion that such action be removed to any town, borough or city court having civil jurisdiction in the town, city or borough where such action is returnable"; upon the filing of the motion, the justice is required to file with the clerk or judge of the municipal court all the original files, and the action is then to be entered on the docket of the court and to be proceeded with as though it had been originally brought there; and the statute concludes: "The provisions of this section shall not affect those of any special act relating to the jurisdiction or procedure of any town, city or borough court." The charter of the city of New Haven gives to the City Court of New Haven "exclusive jurisdiction of all civil cases now cognizable by justices of the peace for the town of New Haven, except actions of summary process and bastardy proceedings"; 14 Spec. Laws 660; and it further provides that "in all civil actions pending before any justice of the peace residing in the town of New Haven, except actions of summary process and bastardy proceedings, any party thereto may, at any time, make application to the clerk of said city court of New Haven for the transfer of said action to the docket of said city court," and that, upon following the procedure directed, the case shall be entered upon the docket of the court, which "shall proceed in relation to said case as though it had been originally made returnable to said court." 15 Spec. Laws 137.

The lessor contends that, as the statute in its concluding clause provides that its provisions shall not affect those of any special act relating to the jurisdiction or procedure of any municipal court, it is not applicable to this case and the city charter governs the situation. The lessee, on the other hand, claims that, as

regards the transfer of cases from justices of the peace, it has been superseded by the provisions of the Municipal Courts Act, Chapter 281b of the General Statutes, first enacted in 1939 and amended in 1941. General Statutes, Cum. Sup. 1939, § 1361e et seq.; Sup. 1941, § 735f et seq. In so far as matters of jurisdiction or procedure are included in Chapter 281b, it was clearly intended to supersede any different provisions in municipal charters covering the same matter. *Lake Garda Co., Inc.* v. *Le Witt,* 126 Conn. 588, 13 Atl. (2d) 510. Neither the 1939 nor the 1941 act expressly repealed any provision of any such charter, and a comparison of the terms of Chapter 281b with those of the various city charters shows that the latter contain matters not within the scope of the former. For example, while § 737f gives municipal courts jurisdiction of "civil actions for legal or equitable relief, or both, including actions of summary process and bastardy actions," some of the special laws expressly give to municipal courts jurisdiction over proceedings for forcible entry and detainer, not mentioned in § 737f; see 13 Spec. Laws 440 (New Haven); 17 Spec. Laws 1006 (Bridgeport); in other charters are special provisions concerning actions by banks located in the city in which recovery is sought upon commercial paper payable at their offices; 19 Spec. Laws 890 (Hartford); 17 Spec. Laws 1119 (New Britain); in others, the municipal courts are given exclusive jurisdiction of all cases, or all with very limited exceptions, which would otherwise be returnable to justices of the peace; 14 Spec. Laws 660 (New Haven); 19 Spec. Laws 890 (Hartford); 17 Spec. Laws 1119 (New Britain); 17 Spec. Laws 159 (Waterbury); 20 Spec. Laws 607 (East Haven); 19 Spec. Laws 11 (West Hartford); and in still others, the courts are given exclusive jurisdiction of summary process or bastardy proceedings or both; 12 Spec.

Laws 931 (Enfield); 17 Spec. Laws 189 (Stratford); 20 Spec. Laws 120 (Windsor Locks). To come somewhat closer to the case before us, it will be found upon an examination of the special laws governing municipal courts that in most instances they give those courts concurrent jurisdiction with justices of the peace, and that while many of the laws contain provisions for the transfer of actions brought before justices of the peace to municipal courts, many of them do not.

There is no conflict between the provisions of Chapter 281b of the General Statutes and those of any special laws concerning the transfer of actions brought to justices of the peace. Chapter 281b would not, then, have the effect of repealing those provisions unless it was the intent of the legislature that it should completely cover the field of the jurisdiction of municipal courts. *Hutchison* v. *Hartford*, 129 Conn. 329, 332, 27 Atl. (2d) 803. A consideration of the special laws governing municipal courts which have been noted makes it evident that the legislature had no such intent. The chapter at most gives to municipal courts concurrent jurisdiction with justices of the peace of cases which under the General Statutes might be brought before the latter. Certainly the legislature could not have intended that after its enactment the exclusive jurisdiction given certain municipal courts by special laws over actions previously cognizable by justices of the peace should be abolished and those courts have only concurrent jurisdiction with justices of the peace, or that municipal courts should cease to have the jurisdiction given them by special laws over particular proceedings not mentioned in Chapter 281b. While in *Lake Garda Co., Inc.* v. *LeWitt*, supra, we approved the conclusion of the trial court that the provisions of Chapter 281b concerning

appeals from municipal courts superseded the charter provisions concerning the same matter, further consideration has led us to the conclusion that the trial court was in error in the broad statements contained in its memorandum of decision in that case, to the effect that Chapter 281b superseded all provisions of special laws concerning the jurisdiction of municipal courts. As regards the transfer of cases brought before justices of the peace, it is most significant that Chapter 281b made no provision concerning the matter but left § 5307 of the General Statutes in full force and effect. The only reasonable conclusion is that Chapter 281b did not impliedly repeal the provisions of the charter of New Haven as to cases which might be transferred from justices of the peace to the City Court; that § 5307 is the only general statute in effect which concerns such transfers; and that by reason of the concluding provisions of that section, it does not affect the special law concerning the transfer of cases brought before justices of the peace in New Haven. That law is still in force, and by its express provision an action of summary process pending before a justice of the peace in that city is not transferable to the City Court. The justice was right in not granting the motion and the trial court erred in sustaining the writ of error because of that ruling.

As this conclusion necessitates that the case be remanded to the Court of Common Pleas, the lessor asks us to consider the other errors assigned in the writ of error. It is obvious that, if we do not do this, the protracted litigation between these parties may be further prolonged, contrary to the purpose of the summary process statute, by the necessity of obtaining rulings by the trial court upon the other assignments of error in the writ, with a possible further appeal to this court. All the errors assigned present

questions of law, which can as well be determined in this court as by the trial court; and even though it erred in sustaining the writ upon one ground, that decision might stand if other claimed errors were well founded. See *Casner* v. *Resnik,* 95 Conn. 281, 283, 111 Atl. 68; *Kelley* v. *Board of Zoning Appeals,* 126 Conn. 648, 653, 13 Atl. (2d) 675. We have, therefore, decided to consider the other errors assigned in the writ.

The bill of exceptions contains no statement of the facts found proven by the justice, as it might have; *Noll* v. *Moran,* 94 Conn. 452, 456, 109 Atl. 241; *Lamenza* v. *Shelton,* 96 Conn. 403, 413, 114 Atl. 96; *Mangusi* v. *Vigiliotti,* 104 Conn. 291, 293, 132 Atl. 464; see Practice Book, p. 418, Form No. 665; and the exhibits offered in evidence, which were included in the record of the proceedings before the justice annexed to the writ, were but evidence and should not have been made a part of it. *Kovner* v. *Dubin,* 104 Conn. 112, 117, 132 Atl. 473; Conn. App. Proc., p. 182. Many of the errors assigned, in the absence of a statement of the facts proven, present nothing which the trial court or this court can consider. Most of the others require little discussion.

In response to a motion for oyer, a copy of the lease between the parties was filed in court and became a part of the record. *Morehouse* v. *Employers' Liability Assurance Corporation,* 119 Conn. 416, 421, 177 Atl. 568. The lease was of premises to be used as a gasoline station for one year from April 1, 1941, with a provision for its continuance thereafter from year to year unless terminated by written notice given ninety days prior to the termination of the original lease or of any annual term thereafter. The summary process complaint alleged that notice of a termination of the lease on March 31, 1942, had been given more

than ninety days before that day, that the lessee had thereafter continued in possession as a tenant from month to month, and that on July 12, 1944, the lessor had given him due notice to quit possession on or before July 31, 1944. The complaint proceeded upon the ground of a termination of the month-to-month tenancy, and the justice was right in overruling the lessee's motion to separate, based on the theory that those proceedings were founded both on the expiration of a year-to-year lease and the termination of a month-to-month lease. The record affords no basis for so much of the demurrer to the complaint as involved the claim that the action was founded on the expiration of a lease from year to year.

The allegations in the complaint of an abortive attempt to evict the lessee by summary process previous to the present proceedings served to disclose the history of the controversy between the parties and, as will later appear, was not so foreign to the issues in the case that the justice should have granted the motion to expunge. *State* v. *Erickson,* 104 Conn. 542, 550; 133 Atl. 683; *L. & E. Wertheimer, Inc.* v. *Wehle-Hartford Co.,* 126 Conn. 30, 36, 9 Atl. (2d) 279. The lessee filed four special defenses, and he assigns error in a ruling of the justice granting a motion to expunge a paragraph in the first of these; but as a demurrer of the lessor to this entire defense was sustained and that ruling is not assigned as error, the granting of the motion is immaterial. The third and fourth defenses alleged breaches by the lessor of covenants in the lease and of agreements between the parties having to do with transactions with reference to the furnishing of material by the lessor to the lessee for sale on the premises. There were no allegations which showed that the breaches of agreement were material to the determination of the right of the lessor to ter-

minate the lease, they afforded no defense to the action, and the justice properly sustained the demurrer. *Webb* v. *Ambler,* 125 Conn. 543, 550, 7 Atl. (2d) 228; see *Lamenza* v. *Shelton,* supra, 409; *Davidson* v. *Poli,* 102 Conn. 692, 695, 129 Atl. 716; *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 531, 41 Atl. (2d) 109.

The only substantial question arises under the lessee's demurrer to the complaint, based on the claimed insufficiency of the notice alleged to have been given in meeting the requirements of § 1429e of the 1939 Cumulative Supplement to the General Statutes, governing the notice necessary as a foundation for an action of summary process. The complaint stated that the notice was given on July 12, 1944, that thereafter by writ dated August 1, 1944, the lessor brought an action to recover possession of the premises, and that this action was dismissed on jurisdictional grounds on March 20, 1945. The present proceeding was brought by writ dated April 2, 1945. The statute provides as follows: When a lease has terminated by lapse of time or by reason of any express stipulation in it or for nonpayment of rent under § 5022 of the General Statutes and the lessor "shall desire to obtain possession" of the property "at the termination of the lease, or at any subsequent time," he shall give notice to the lessee to quit possession at least ten days or, if the lease is terminated for nonpayment of rent, at least five days before the termination, "or before the time specified in the notice for the lessee to quit possession," with further provisions as to the service of the notice upon the person in charge of the premises in case the lessee is a nonresident or, if no person is in charge of the premises, by registered mail or advertisement; the notice must be substantially in a form which is given and which includes a statement of a

day on which the lessee must quit possession; and if the lessee shall neglect or refuse to surrender the premises at the expiration of the ten days or five days, as the case may be, any commissioner of the Superior Court "may issue a writ, summons and complaint" in summary process. The effect of the notice is to fix a day occupancy beyond which will subject the lessee to such proceedings. The notice is a condition precedent to the bringing of the action and we meant no more than that when, in *Webb* v. *Ambler,* supra, 552, we said that "The notice to quit under the statute is the basis for the inauguration of an action at law." There is nothing in the statute or the purpose of the notice which makes it a part of any particular action of summary process. The statute contains no limitation of time after the effective day of the notice within which the action may be brought and the only general statute of limitations which would seem applicable would be that one which requires an entry on land to be made within fifteen years after the right to act accrues. General Statutes, § 6004. Unless there are intervening circumstances changing the rights of the parties, a delay in bringing the action, at least if it is not unreasonable, will not prevent its maintenance. The first action brought to enforce the lessor's right to the possession of the property failed because it was transferred to the Superior Court and that court was held to have no jurisdiction of it. *Atlantic Refining Co.* v. *O'Keefe,* supra, 531. The action from the judgment in which this writ of error was brought was begun promptly thereafter. There had been no waiver of the notice, or estoppel to take advantage of it, which would prevent the lessor from maintaining the action. *Barlow* v. *Hoffman,* 103 Colo. 286, 290, 86 Pac. (2d) 239; see note, 120 A. L. R. 557.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment affirming the judgment of the justice of the peace.

In this opinion the other judges concur.