PAUL H. SANDREW *v.* PEQUOT DRUG, INC., ET AL.
(3053)

HULL, DALY and E. O'CONNELL, Js.

Argued March 22—decision released August 6, 1985

*J. Michael Sherb,* for the appellant (plaintiff).

*Peter W. Rotella,* for the appellees (defendants).

E. O'CONNELL, J. This is a summary process action brought on the ground of nonpayment of rent to recover possession of premises rented to the named defendant pursuant to a written lease. Performance under the lease had been personally guaranteed by the defendant Samuel Bellin, president of the named defendant. The plaintiff appeals from a judgment for the defendants dismissing the action.

The trial court did not file a memorandum of decision, but the parties agree on the following facts: On February 9, 1979, the plaintiff landlord and the defendant tenant entered into a written lease of commercial premises located in New London. The rent was due and payable on the first of each month and, on September 1, 1983, the tenant failed to pay the rent. By certified letter dated September 14, 1983,[1] the plaintiff's attorney notified the tenant that it was in default under the lease.

The trial court granted the defendants' motion to dismiss this summary process action on the ground that the plaintiff had failed to serve the requisite notice to quit.

The plaintiff appeals claiming that the trial court erred (1) in failing to recognize a waiver of notice to quit provision in the lease and (2) in failing to find that

---

[1] The letter dated September 14, 1983, provided:

"Samuel Bellin, President
Pequot Drug, Inc.
dba Montauk Pharmacy
209 Montauk Avenue
New London, CT 06320
Re: Termination of Lease
Dear Mr. Bellin:
You are hereby advised that your landlord, Paul Sandrew, hereby terminates the lease of Pequot Drug, Inc. dba Montauk Pharmacy of the leasehold premises situated at 209 Montauk Avenue in New London. The tenancy is terminated forthwith.
    The reason for this termination is because you have defaulted in the payment of the monthly rent which became due September 1, 1983. In accordance with the provisions of paragraph 14 of the lease, the landlord has the right to terminate your tenancy. Any future payments which you might make to the landlord will not be considered to be rent but only reasonable use and occupancy for the premises. I suggest that you call me immediately upon receipt of this letter so that we might discuss a resolution of this matter.
Very truly yours,

J. Michael Sherb
JMS:cl
cc: Paul Sandrew"

the certified letter satisfied the requirement of an unequivocal act to terminate the lease.

The first issue concerns a clause in the lease in which the tenant waived its right to the statutory notice to quit.[2] The plaintiff argues that he had the right to rely upon this waiver, and that to hold otherwise would significantly alter the agreement between the parties. He contends further that the trial court erred by applying the 1980 amended statute, rather than the statute in effect at the time the lease was executed.

The plaintiff is correct that the statute in effect at the time the lease was executed is controlling. A lease is a contract; *Hatcho Corportion* v. *Della Pietra,* 195 Conn. 18, 20, 485 A.2d 1285 (1985); and parties contract with reference to existing law. Id., 21.

The plaintiff relies on General Statutes (Rev. to 1979) § 47a-25 which, in February, 1979, allowed the lessee to waive the ten day notice to quit possession requirement.[3] The plaintiff's reliance on this statute is misplaced because it fails to take into consideration the distinction between a five day notice to quit and a ten day notice to quit. General Statutes (Rev. to 1979) § 47a-23 established a ten day notice to quit for grounds other than nonpayment of rent and a five day notice to quit for nonpayment. While General Statutes (Rev. to 1979) § 47a-25 allowed the lessee to waive the ten

---

[2] The lease provided, in pertinent part: "The parties agree that whenever this lease shall terminate either by lapse of time or by virtue of any of the express covenants herein contained, the Tenant hereby waives all right to any notice to quit possession as prescribed by the statute relating to the summary process."

[3] General Statutes (Rev. to 1979) § 47a-25: "WAIVER OF NOTICE TO QUIT. When, in any written lease of any land, building, apartment or dwelling unit, notice to quit possession has been expressly waived by the lessee, the ten days' notice prescribed in section 47a-23 shall not be necessary; and complaint and summons may issue in the same manner as if such notice to quit had been previously given."

day notice, it was silent as to the five day notice.[4] Accordingly, in 1979, there was no statutory authority for waiving the five day notice. See *Macha* v. *Eastern Connecticut Training School for Firemen, Inc.*, 1 Conn. Cir. Ct. 469, 472–73, 187 A.2d 638 (1962).[5]

We find that the waiver clause in the lease was ineffective to waive the statutory five day notice to quit.

Notwithstanding his contention concerning the waiver clause, the plaintiff claims that his certified letter; see footnote 1, supra; satisfied the notice to quit requirement.

It is well settled that breach of a covenant to pay rent does not automatically result in the termination of a lease; *Rosa* v. *Cristina*, 135 Conn. 364, 366, 64 A.2d 680 (1949); *Simsbury Turnpike Realty Co.* v. *Great Atlantic & Pacific Tea Co.*, 39 Conn. Sup. 367, 370, 465

---

[4] General Statutes (Rev. to 1979) § 47a-23 provides in pertinent part: "NOTICE TO QUIT POSSESSION OF PREMISES. When a lease . . . terminates by lapse of time, or by reason of any express stipulation therein . . . [the lessor] shall give notice to the lessee . . . to quit possession . . . at least ten days before the termination of the lease . . . or before the time specified in the notice for the lessee . . . to quit possession or occupancy, *except when such lease . . . has been terminated by reason of nonpayment of rent, in which case such notice shall be given at least five days before the time specified in the notice for the lessee to quit possession or occupancy . . . .*" (Emphasis added.)

[5] This court's interpretation of General Statutes (Rev. to 1979) § 47a-25 is supported by a 1980 amendment to that statute. Public Acts 1980, No. 80-399, § 2 provides, in pertinent part, as follows: "When, in any written lease of any land, building, apartment or dwelling unit, notice to quit possession has been expressly waived by the lessee *in the event such lease terminates by lapse of time,* the . . . notice prescribed in section 47a-23 . . . shall not be necessary; and complaint and summons may issue in the same manner as if such notice to quit had been previously given." (Emphasis added.) While the amended version of General Statutes § 47a-25 is not controlling in this case, it is significant. It is an accepted cannon of statutory construction that "[a] subsequent legislative act may throw light on the legislative intent of a former related act. *General Realty Improvement Co.* v. *New Haven,* 133 Conn. 238, 242, 50 A.2d 59 [1946]." *Hartford* v. *Suffield,* 137 Conn. 341, 346, 77 A.2d 760 (1950).

A.2d 331 (1983); rather, it gives the lessor a right to terminate the lease which he may or may not exercise. *Rosa* v. *Christina,* supra; *Kovner* v. *Dubin,* 104 Conn. 112, 118, 132 A. 473 (1926); *Simsbury Turnpike Realty Co.* v. *Great Atlantic & Pacific Tea Co.,* supra. In order to effect a termination, the lessor must perform some unequivocal act which clearly demonstrates his intent to terminate the lease. *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 411, 106 A.2d 720 (1954).

While there is almost no limit to the possible words or deeds which might constitute the unequivocal act necessary to terminate the lease, none of the cases relied upon by the plaintiff supports the proposition that his actions were sufficient to serve as a substitute for the statutory notice to quit. It is conceivable to this court that a lessor might wish to terminate a lease but not wish to institute a summary process action. For example, a lessor might want to terminate a lease in order to extinguish an option to purchase, even though the lessee had moved from the premises so that a summary process action was unnecessary. In such a circumstance, any type of unequivocal act would be sufficient to terminate all rights arising under a lease although not furnishing a foundation for a summary process action.

"The notice [to quit] is a condition precedent to the bringing of the [summary process] action . . . . " *O'Keefe* v. *Atlantic Refining Co.,* 132 Conn. 613, 622, 46 A.2d 343 (1946). A notice to quit is the basis for the inauguration of an action at law and, as such, it must conform to the statute. *Vogel* v. *Bacus,* 133 Conn. 95, 98, 48 A.2d 237 (1946).

We have recognized the principle that, because of the summary nature of its remedy, the summary process statute must be narrowly construed and strictly followed. *Southland Corportion* v. *Vernon,* 1 Conn. App.

439, 452, 473 A.2d 318 (1984). General Statutes § 47a-23 (b) sets forth the form of the notice to quit with which there must be substantial compliance.[6] A comparison of the statutory notice with the letter sent by the plaintiff reveals that the September 14, 1983 letter does not substantially comply with the format or substance of a statutory notice to quit. The letter fails to indicate the date by which the defendant was to quit possession or occupancy of the premises. Furthermore, the last sentence of the letter[7] negated the effect of a notice to quit, at least until the further negotiation which that letter invited had been conducted. See *Danpar Associates* v. *Falkha,* 37 Conn. Sup. 820, 824, 438 A.2d 1209 (1981).

The plaintiff failed to serve the tenant with a notice to quit, a condition precedent to summary process.

There is no error.

In this opinion the other judges concurred.

---

[6] General Statutes § 47a-23 (b) provides, in pertinent part: "I (or we) hereby give you notice that you are to quit possession or occupancy of the [building], now occupied by you, on or before the (here insert the date) for the following reason (here insert the reason or reasons for the notice to quit possession or occupancy, also the date and place of signing notice). A.B."

[7] The last sentence of the letter provided: "I suggest that you call me immediately upon receipt of this letter so that we might discuss a resolution of this matter."