[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Sharon May has moved to dismiss this summary process action claiming that the notice to quit which was served on her was equivocal with respect to the landlord's termination of her lease. The plaintiff objects to dismissal, contending that the content of the notice to quit was in compliance with applicable federal and state law.
There is no dispute between the parties that the premises rented by the plaintiff to the defendant are subsidized by the United States Department of Housing and Urban Development ("HUD"). As a result, the plaintiff must comply with HUD regulations and requirements relating to evictions as well as requirements of state law. Jefferson Garden Associates v. Greene, 202 Conn. 128, 143 (1987).
The notice to quit which was served on the defendant was five paragraphs in length. The last paragraph reads, "You have 10 days beginning on the day after the date of this notice within which to discuss the proposed termination of your tenancy with the management agent of the landlord." The landlord inserted this provision in the notice to quit in order to comply with 4350.3, paragraph 4-20a of the HUD Occupancy Handbook, which requires the landlord to advise the tenant that the tenant has ten days within which to discuss any proposed termination of tenancy with the landlord. Although this same requirement is not CT Page 2927 found in applicable HUD regulations, see 24 C.F.R. § 247.1 et seq. (formerly found at 24 C.F.R. § 450.1 et seq.), HUD nevertheless requires landlords to comply with the handbook requirement.
The issue before the court is whether inclusion of the HUD-required notice in the notice to quit violates the state law requirement that a notice to quit be unequivocal with respect to the landlord's intention to terminate the lease. The court finds that inclusion of the federal notice does render the notice to quit equivocal in violation of state law.
A tenant's failure to pay rent as agreed does not automatically terminate his lease; rather it provides the landlord with the right to terminate the lease at his option. Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627, 628 (1985). In order to cause the lease to terminate, the landlord must "perform some unequivocal act which clearly demonstrates his intent to terminate the lease." Id., 631. Service of a notice to quit is typically the landlord's unequivocal act notifying the tenant of termination of the lease. Housing Authority v. Hird, 13 Conn. App. 150,155 (1988). Statements in the notice to quit which are equivocal with respect to the landlord's intention to terminate the lease or conduct by the landlord which is similarly equivocal warrant dismissal of the action or judgment for the tenant. Sandrew v. Pequot Drug, Inc., supra; Danpar Associates v. Falkha, 37 Conn. Sup. 820 (App. Session 1981).
The first paragraph of the notice to quit in this case purports to terminate the defendant's lease by giving her notice to quit the premises on or before August 16, 1990. Connecticut General Statutes 47a-23 (b). If the notice to quit is proper in form, it causes a termination of the lease upon its service, thereby converting the tenancy to a tenancy at sufferance. Housing Authority v. Hird, sup a Borst v. Ruff, 137 Conn. 359,361 (1950). In this case, the unequivocal language of the first paragraph of the notice to quit is vitiated by the last paragraph which invites the tenant to discuss the "proposed" termination of her tenancy. Under Connecticut law, a notice to quit does not give notice of a "proposed" termination of tenancy at some point in the future; service of the notice to quit in fact effects the termination. A notice to quit which purports to terminate the tenancy but also refers to the termination as merely "proposed" and invites the tenant to discuss the situation is necessarily equivocal. Such a notice to quit does not effect a termination of the lease because it holds open the possibility that the lease may not be terminated.
The motion to dismiss is granted.
CHRISTINE S. VERTEFEUILLE, JUDGE CT Page 2928