[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO DISMISS
In her motion to dismiss defendant claims that the court lacks subject matter jurisdiction because the notice to quit served in this case is equivocal. Defendant resides in a Section 8 unit subsidized by the Department of Housing and Urban Development. As such plaintiff must comply with the eviction procedures required by state law, as well as those imposed by federal law and regulation. Specifically, 24 C.F.R. § 247 requires the landlord to give the tenant a written notice of any proposed eviction, stating the grounds and advising the tenant that he has ten days in which to respond to the proposed termination. In accordance with federal regulation, plaintiff in this case included in the notice to quit served pursuant to General Statutes Sec. 47a-23 the following advisement: "You have 10 days to discuss the proposed termination with the Landlord." In her motion defendant argues that that language, although required by federal law, renders the notice equivocal and therefore defective as a matter of state law which requires the landlord to perform some unequivocal act which clearly demonstrates his intent to terminate the lease. Sandrew v. Pequot Drug, 4 Conn. App. 627
(1985). Under General Statutes Sec. 47a-23 that unequivocal act is the service of the notice to quit.
At the heart of the dispute between the parties is a split in Connecticut authority on this issue. In Intown Management Corp. v. Laurence Knowling, SPH 9104-59921 (August 12, 1991) (Berger, J.) (H-959), the court considered the same issue raised in this case and concluded that the notice required by federal law, when included in the state notice to quit, does not render that notice equivocal. On the other hand, in Fairway Gardens, Inc. v. May, SPNH 9009-26218 (October 28, 1990) (Vertefeuille, J.) (NH-538), the court ruled that the very same language did render the notice to quit equivocal, thereby depriving the court of subject matter jurisdiction.
Effectively, the defendant is requesting that Judge Berger's decision in this court approximately one year ago be reversed. The court declines the invitation. "[A] court should not overule its earlier decisions unless the most cogent reasons and inescapable logic require it." CT Page 9094 Connecticut National Bank v. Commissioner, 209 Conn. 429
(1988). A review of the briefs in this case as well as the decisions of Judges Vertefuille and Berger indicate that the issue is a close one. While this court, if writing on a clean slate, might not follow Judge Berger's lead, it cannot conclude, based on the arguments presented in this case, that it has been presented with the "most cogent reasons and inescapable logic" requiring it to depart from Judge Berger's ruling in Intown Management. Further, landlords have reasonably relied on that decision as the basis for their eviction procedures. "The cause of stability and certainty in the law"; Connecticut National Bank v. Commissioner, supra; requires that their reasonable reliance on that decision not be disturbed.
SO ORDERED.
Robert L. Holzberg, J.