[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision re: Defendant's Motion to Dismiss
Facts
The Plaintiff, Church Street South Limited Partnership, as lessor, and the Defendant, Glenda Harding, as lessee, executed a written lease (Exhibit 1) for the premises known as 7B Christopher Green, New Haven, Connecticut for the term beginning November 9, 1992 and terminating October 31, 1993. The premises are part of a housing project operated by the plaintiff which receives assistance payments through Project-Based Assistance under the Section 8 CT Page 10517 Certificate Program administered by the federal Department of Housing and Urban Development. The monthly rental was $791.00, of which the defendant's portion was $65.00. On August 11, 1993, the plaintiff sent the defendant a termination notice (Exhibit A). Said termination notice was mailed to the defendant and hand-delivered to the defendant's apartment by Rocky Stanley, an employee of the plaintiff. On or about September 2, 1993, the plaintiff had a Notice to Quit (Exhibit B) served by abode service on the defendant by Deputy Sheriff Lonnie W. Barnes, Jr. and a copy mailed to the defendant.
The plaintiff commenced this action by Writ, Summons and Complaint dated September 28, 1993 with a return date of October 13, 1993 and with abode service on the defendant on September 30, 1993. Sometime after October 6, 1993, the defendant received a letter from the plaintiff stating, in pertinent part, that "(e)ffective November 1, 1993 the rent for your size apartment . . . will be $791.00" and that the defendant should "come to the rental office immediately to sign your paperwork." (Exhibit 2).
Discussion
By Amended Motion to Dismiss dated November 2, 1993, the defendant has moved to dismiss this action on the ground that the court lacks subject matter jurisdiction. The defendant presents four arguments in support of her motion. First, the plaintiff failed to comply with the requirements for the Notice to Quit as contained in the lease, and therefore the Notice to Quit was defective and the lease was not properly terminated. Second, the plaintiff did not mail either the Notice to Quit or the termination notice, and therefore did not comply with a precondition set by federal law. Third, the termination notice on its face does not comply with the requirements of the lease for a termination notice. Finally, the letter to the defendant from the plaintiff dated October 6, 1993 (Exhibit 2) rendered the Notice to Quit equivocal and therefore invalid.
A Notice to Quit can be the unequivocal act which clearly demonstrates the landlord's intent to terminate the lease. Sandrew v. Pequot Drug, Inc. 4 Conn. App. 627, 631 (1985). "The notice (to quit) is a condition precedent to the bringing of the (Summary Process) action . . ." O'Keefe v. Atlantic Refining Co., 132 Conn. 613,622 (1946). When a Notice to Quit becomes equivocal it becomes invalid Danpar Associates v. Falkha, 37 Conn. Sup. 820,824 (1981). CT Page 10518
 I
The defendant first claims that the Notice to Quit is defective because it did not comply with Paragraph 23(c) of the lease (Exhibit 1) in that the Notice to Quit did not contain language advising the defendant that she had ten days to discuss the proposed termination of the tenancy. In argument the plaintiff cited Fairway Gardens, Inc. v. Sharon May (SPNH 9009-26218, New Haven Housing Session #538, 1990) stating that this case created an impossible situation for the plaintiff: if the plaintiff put the required language in the Notice to Quit, it would render the Notice to Quit equivocal. The court agrees that Fairway Gardens, Inc. created a "Catch-22" situation and will not dismiss this action based on that argument. Public Act No. 93-209 has eliminated this "Catch-22."
 II
The court also rejects the defendant's claim of improper service, finding by the evidence presented that the termination notice and Notice to Quit were both served properly. Both notices were mailed to the defendant as required by 24 C.F.R. § 247.4 (b). Further, the court also finds that the plaintiff had the termination notice hand-delivered to the defendant's abode, as required by 24 C.F.R. § 247.4 (b), and the Notice to Quit properly served by a sheriff, as required by General Statutes 47a-23(c).
 III
The defendant next claims that the termination notice (Exhibit A) is facially defective because it states the defendant failed to pay her rent of $75.00, when her rent was only $65.00; and that said notice did not contain language advising the defendant of her right to defend "the action in court." See paragraph 23(c) of Exhibit 1.
The court finds that the scrivener's error in stating the defendant's rent as $75.00 instead of $65.00 is harmless error and that the said notice sufficiently informed the defendant of the grounds for the termination. To rule otherwise would be a "hypertechnical dissection" of the termination notice. Jefferson Gardens Associates v. Greens, 202 Conn. 128, 144 (1987).
The court finds, however, that the omission of the language CT Page 10519 advising the defendant of her right to defend this action from the termination notice is a fatal defect. Paragraph 23(c) clearly states "All termination notices must . . . advise the tenant of his/her right to defend the action in court." The court finds that Exhibit A is a termination notice that must comply with paragraph 23(c). The plaintiff claims that the Jefferson Gardens reasoning should apply to this argument. Jefferson Gardens stands for the proposition that a "hypertechnical dissection" of the termination notice is inappropriate. Id. The court is not persuaded. The omission of the language required under paragraph 23(c) of the lease is substantive rather than technical. The language requirement of paragraph 23(c) was a condition precedent to the commencement of summary process proceedings and a failure to abide by said requirement deprives the court of subject matter jurisdiction. Windsor Properties, Inc. v. The Great Atlantic and Pacific Tea Company, Inc. (HSP-HD-7901-0228-W, Hartford Housing Session #50, at page 7, 1979). Therefore, the action should be dismissed.
 IV
Although a ruling on the remaining argument is not required, the court finds that the language in the October 6, 1993 letter to the defendant from the plaintiff (Exhibit 2) renders the Notice to Quit equivocal. Specifically, Exhibit 2 tells the defendant what the new rent will be for the apartment and what will be the defendant's "portion of the rent" (emphasis added). The Notice to Quit in the present case became equivocal with the receipt by the defendant of the October 6, 1993 letter.
Conclusion
The motion to dismiss is granted.
Mintz, J. CT Page 10520