[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED OCTOBER 31, 1994
The plaintiff seeks possession of the premises on the grounds of lapse of time in an oral month-to-month tenancy. The defendant, acting pro se filed special defenses alleging a new lease between the parties. On August 15, 1994, judgment entered in favor of the plaintiff with a stay of execution through September 30, 1994. Subsequently, counsel entered an appearance for the defendant and filed a Motion to Open Judgment which was granted on September 13, 1994.
At the time of trial the parties filed a stipulation of facts which included the following:
1. On June 14, 1994, defendant was served with a notice to quit the premises at 637 Park Street on or before June 30, 1994, for termination due to lapse of time.
2. On June 29, 1994, plaintiff forwarded a lease agreement, a copy of which is attached to the Stipulation as Exhibit 1.
3. Plaintiff filed a summary process complaint with CT Page 10115-J a return date of July 28, 1994, which complaint was served on the defendant on July 18, 1994.
Exhibit 1 is a June 29, 1994 letter from plaintiff's attorney to defendant's attorney indicating the following:
 I am enclosing two copies of the lease relative to the above-referenced matter. Please have both copies signed by your client and return them to me for execution by my client. I will then forward one fully executed copy to you.
In order to terminate the rental agreement with the defendant, the plaintiff must have acted unequivocally.Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627, 631
(1985) ("In order to effect a termination, the lessor must perform some unequivocal act which clearly demonstrates his intent to terminate the lease"). Further, in order to institute this summary process action that unequivocal act must have been a Notice to Quit. O'Keefev. Atlantic Refining Co., 132 Conn. 613, 622 (1946).
While the language contained in the Notice to Quit was unequivocal, the actions of the plaintiff soon after service of that notice was not. The plaintiff's attorney sent a letter to the defendant's attorney the day before the termination date with a new lease proposal. According to the testimony of both parties, that offer was not withdrawn until the Motion to Open was argued.
The Appellate Session case, Danpar Associates v.Falka, 37 Conn. Sup. 820 (1981), is analogous to this case. There, the day after the notice to quit was served for nonpayment, the landlord's attorney wrote a letter to the defendant inviting further negotiations. The court found, "[t]he letter from the attorney on the very next day negated the effect of the notice to quit, however, at least until the further negotiations which that letter invited had terminated."37 Conn. Sup. at 824. Here, negotiations continued until the day the defendant's attorney argued the Motion to Open.
The court finds that the subsequent acts of the plaintiff negated the effect of the Notice to Quit as an unequivocal act terminating the lease. Accordingly, CT Page 10115-K the lease was not terminated by a valid notice to quit.Bargain Mart, Inc. v. Lipkis, 212 Conn. 120, 134
(1989). Because of this finding, the court does not need to reach the equitable claims raised by the defendant as to his 24-year tenancy and substantial investment in the premises.