[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
MOTION TO DISMISS
This is a residential summary process action involving a month-to-month tenancy. The Motion to Dismiss claims that double notices to quit deprive the court of subject matter jurisdiction. The first notice to quit was based on an April 1, 1995 non payment. The second notice to quit was also based on an April 1, 1995 non payment.
FACTS
The parties entered into an oral month to month tenancy for residential premises in Stamford. Rent was due on the first day of each calendar month. The rent due April 1, 1995 was alleged not to have been paid. On April 12, 1995 the plaintiff served a notice to quit on both defendants for "non payment of rent" requiring the defendants to vacate on or before April 18, 1995. The defendants failed to vacate. A summary process action was commenced entitled Gerald Lombardi v. Sandra Dunningand John Doe. This lawsuit was withdrawn by the plaintiff on May 3, 1995.
The plaintiff did not serve any notice to the defendants reinstating the tenancy or voiding the legal effect of the April 12, 1995 notice to quit. The April 12, 1995 notice to quit was timely served and in all aspects complied with statutory requirements. Connecticut General Statutes § 47a-23. Jo-Mark Sand and Gravel Co. v. Pantenella,139 Conn. 598, 600-01 (1953).
On May 5, 1995 the plaintiff served a new notice to quit on both defendants. The second notice to quit stated as reasons "non payment of rent for the month of April 1995" and "lapse of time" as to both defendants and "no right or privilege to occupy the premises" as to the defendant, John Doe. The second notice to quit required the defendants to vacate the premises on or before May 15, 1995. This summary process lawsuit followed. The plaintiff filed a Motion to Dismiss alleging that "the second notice to quit is a nullity and cannot serve as the jurisdictional basis of this action."
Memoranda of law were filed by both parties and at oral argument the court took judicial notice of the prior summary process file.
DISCUSSION OF LAW
A proper notice to quit is a condition precedent to a valid summary process action. Lampasona v. Jacobs, 209 Conn. 724, 729 (1989). The non payment of rent by a tenant gives the landlord the option to terminate a lease. Webb v. Ambler, 125 Conn. 543, 550-551 (1939). The landlord, in order to exercise his option to terminate the lease, must do CT Page 8527 so by an unequivocal act. Sandrew v. Pequot Drug Co., 4 Conn. App. 627,631 (1985). A statutory notice to quit is a such an unequivocal act. O'Keefe v. Atlantic Refining Co., 132 Conn. 613, 622, (1946);Vogel v. Bacus, 133 Conn. 95, 98 (1946). Once terminated by the unequivocal act, the tenancy at will is converted to a tenancy at sufferance. Lonergan v. Connecticut Food Store, Inc., 168 Conn. 122,130 (1975). A tenant at sufferance has no obligation to pay rent since there is no longer a lease contract. Welk v. Bidwell, 136 Conn. 603,607 (1950). A tenant at sufferance is still obligated to pay use and occupancy. Longergan v. Connecticut Food Store, Inc., supra 130. There is no action in Connecticut for non payment of use and occupancy.Connecticut General Statutes § 47a-23; Rosa v. Cristina, 135 Conn. 364,367 (1949). Cohen v. Thorpe, SNBR-345, 3 CONN. L. RPTR. 692,1991 Ct. Sup. 1210, 1211 (February 21, 1991) (Melville, J.)
The defendant is claiming that the first notice to quit is an unequivocal act terminating the month-to-month tenancy at will effective April 12, 1995 and creating a tenancy at sufferance. The defendant further claims that the second notice to quit served on May 5, 1995 is a nullity and a summary process lawsuit cannot be based on nonpayment of use and occupancy. After April 12, 1995 no rent was due, only use and occupancy. The defendant argues that the second notice to quit deprives the court of subject matter jurisdiction. Cohen v. Thorpe, supra 121. The court agrees with the argument so far as it goes.
The plaintiff argues that Cohen v. Thorpe, is based on an incorrect legal premise. The plaintiff claims that the first notice to quit is void since the underlying lawsuit was withdrawn, citing Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 584-85 (1988). The plaintiff does not recognize that the holding in Bridgeport v.Barbour-Daniel Electronics, Inc., is that a statutory defective notice to quit which fails statutory standards and thus cannot be the basis of a valid statutory summary process action can still operate to terminate the lease as being an unequivocal act under common law. Hartford Wheel Clubv. Travelers Insurance Co., 78 Conn. 355, 358 (1905); Sandrew v.Pequot Drug Co., supra 628; Read v. Tuttle, 25 Conn. 23,26 (1921).
The court has found four dual notice to quit cases reported in Connecticut. Cianciolo v. Plano, 1 Conn. Cir.Ct. 206, 207 (1962) (separate notices to quit addressed to two different tenants served on those two different tenants held valid); Bridgeport v. Barbour-Daniel Electronics,Inc., supra 574 (invalid first notice to quit for failure to comply with same-month service requirement of Connecticut General Statutes § 47a-23, did not deprive court of subject matter jurisdiction on a proper second notice to quit); Cohen v.. Thorpe, supra 1210 (a statutorily defective notice to quit can still be effective to be an unequivocal act sufficient to terminate a lease under common law standards); Weiss v.Gutierrez, 1 Conn.Ops. 724 (June 26, 1995), SNBR-428, May 22, 1995 (Tierney, J.) (the issuance of a second notice to quit in a summary process action does not render the first notice to quit equivocal; neither the notice to quit statute nor common law prohibits dual notices to quit).
In the usual dual notice to quit case, the first notice to quit is invalid for some technical statutory violation, i.e. failure to give five clear days. Without withdrawing the first notice to quit or formally reinstating the tenancy, the landlord serves a second notice to quit. The defendant, tenant, then argues that the first notice to quit, although statutorily defective, was valid under common law standards to act as an unequivocal termination of the lease. Tenant's status as a month to month tenant under a tenancy at will has been terminated and the unequivocal first notice to quit has created a tenancy at sufferance. Mayron's Bake Shops Inc. v. Arrow Stores, Inc.149 Conn. 149, 156 (1961); Bushnell Plaza Development Corporation v.Fazzano, 38 Conn. Sup. 683, 686 (1983). The necessary and only basis of a summary process proceeding is that the lease has terminated. Webbv. Ambler, 125 Conn. 543, 550, (1939); Feneck v. Nowakowski,146 Conn. 434, 436 (1959). The second notice to quit is then served usually based on non payment of rent and/or lapse of time. There is no obligation to pay rent in a tenancy in sufferance and only use and occupancy payments are required. Longergan v. Connecticut Food Store,Inc., supra 130. There is no grounds of eviction for non payment of use CT Page 8528 and occupancy. Connecticut General Statutes § 47a-23; Rosa v. Cristina,
supra 424. For lapse of time evictions there must be a tenancy. Welkv. Bidwell, 136 Conn. 603, 607-09 (1950); Bermudez v.Rodriquez, H-397 (August 15, 1995) (Goldstein, J.). A new tenancy is created each month on a month-to-month basis. Welk v.. Bidwell, supra
607; Hour Publishing v. Gorez, 5 Conn. Cir.Ct. 409, 412 (1968). The argument further concludes that with the validity of the common law unequivocal act, service of the first notice to quit, the second notice to quit can not form the basis of an eviction. Motions to Dismiss on this particular basis are regularly granted by the Housing Session.
CONCLUSION
Facts of this case are unusual. The second notice to quit claims the same reason as the first notice to quit, nonpayment of rent for April 1, 1995. The first notice to quit was served after the nine-day statutory grace period. Connecticut General Statutes § 47a-15a. Thus the first notice to quit effectively terminated the month-to-month tenancy. Sandrew v.Pequot Drug Co., supra 630. In Sandrew, the landlord's letter sent prior to a notice to quit did effectively unequivocally terminate a tenancy but did not comply with the statutory requirements of Connecticut General Statutes § 47a-23, in order to form a basis for a summary process eviction action.
Here the second notice to quit although valid under statutory grounds and common law grounds, had no legal effect. The parties relationship as of May 4, 1995 was tenancy at sufferance since the first notice to quit on April 12, 1995 unequivocally terminated the month-to-month tenancy at will. There is no statute nor any reported case stating that a notice to quit or an unequivocal act can terminate a tenancy at sufferance. This court concludes that the second notice to quit is a nullity.
The court has before it a valid notice to quit; the first notice to quit served on April 12, 1995, upon which to base a summary process action.
The plaintiff has filed a motion for permission to amend his complaint seeking to plead the April 12, 1995 notice to quit. This motion was on file at the time of arguing this motion to dismiss. The court must construe the pleadings in a motion to dismiss most favorably to the plaintiff and will make all valid presumptions to confer jurisdiction upon the court. Duguay v. Hopkins, 191 Conn. 222, 227
(1983). Every presumption favoring jurisdiction shall be indulged.Connecticut Light and Power Co. v. Castles, 179 Conn. 415, 421 (1980).
The Motion to Dismiss is denied.