[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO SET ASIDE DEFAULT JUDGMENT
The defendant filed this Motion to set aside the default judgment entered against her for her failure to file an appearance. She claims that her failure to file an appearance was excusable because she was hospitalized from May 2, 1995 through July 6, 1995[1].
At the time of the hearing on the motion the defendant raised a question of subject matter jurisdiction. Such a question can be raised at any stage of the proceeding and must be addressed by the court before any other issue. P.B. § 143.Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556-57
(1987).
The defendant argues that the notice to quit is fatally defective because of this language following the reason of termination (nonpayment of rent):
The landlord will discuss this termination with you. CT Page 9921
 Any payment received after receipt of this notice shall be accepted as use and occupancy payments only and not as rent.
On March 20, 1995, the defendant was served with the above mentioned Notice to Quit for nonpayment of rent with a quit date of March 31, 1995. On March 15, 1995, the plaintiff sent the defendant a letter advising her that her tenancy was to terminate effective March 31, 1995.
Discussion
A defective notice to quit deprives the court of subject matter jurisdiction, because as a condition precedent to summary process action, a proper notice to quit is required.Lampasona v. Jacobs, 209 Conn. 724, 730 (1989). This tenancy is characterized by Section 8 Housing Assistance payments to the plaintiff. Accordingly, under Jefferson Garden Associatesv. Greene, 202 Conn. 128, 143 (1987), the plaintiff landlord must prove compliance with all the applicable preconditions set by state and federal law for the termination of a lease. The parties acknowledge that 24 C.F.R. § 881.607 applies to this property and specifically (c) which reads:
 (c) Termination notice. (1) The owner must give the family a written notice of any proposed termination of tenancy, stating the grounds and that the tenancy is terminated on a specified date and advising the family that it has an opportunity to respond to the owner.
[Emphasis added]
C.G.S. § 47a-23 was amended by P.A. 93-209, § 1 to add the following provision as (e):
 A termination notice required pursuant to federal law and regulations may be included in or combined with the notice required pursuant to this section and such inclusion or combination does not thereby render the notice required pursuant to this section equivocal, provided the rental agreement or lease shall not terminate until after theCT Page 9922 date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of completion of the pretermination process, whichever is later.
[Emphasis added]
As allowed by this statute, in this notice to quit the landlord chose to include the language "the landlord will discuss this termination with you," to comply with the above federal regulation. However, the Notice to Quit also included the language: "I hereby terminate your lease and give you notice that you are to quit possession or occupancy of the premises . . . on or before 3/31/95 . . .". This does not comply with C.G.S. § 47a-23(e). Since the notice to quit terminated the rental agreement upon service, which was March 20, 1995, it does not comply with the statutory or regulatory requirements. Had the notice to quit stated "I intend to terminate your lease as of March 31, 1995", the subsequent language "the landlord will discuss this termination with you" would not invalidate the notice to quit. Or, in light of the March 15, 1995 notice, had the plaintiff omitted the above language and terminated the rental agreement upon service of the notice to quit the notice to quit would be valid. See Intown Management Corp. v.Knowling, H-959, pp. 7-8 5 Conn. L. Rptr. 89 (8/21/91) (Berger, J.).
Accordingly, the court finds that the inclusion of "the landlord will discuss this termination with you," makes the notice to quit equivocal.[2] "In order to effect a termination, the lessor must perform some unequivocal act which clearly demonstrates his intent to terminate the lease." Sandrewv. Pequot Drug, Inc., 4 Conn. App. 627, 631 (1985). Because the plaintiff has failed to comply strictly with the statutory requirements in bringing this summary process and because the notice to quit is equivocal, the court lacks subject matter jurisdiction. Jefferson Garden Associates v. Greene, 202 Conn. 128,143 (1987).
The case is dismissed.