[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Order (102)
After hearing held on defendant's motion to dismiss, it is hereby Ordered: granted, for the following reasons:
A notice to quit pursuant to statute is the basis for the inauguration of a summary process action. Webb v. Ambler,125 Conn. 543, 552-53 (1939). The action itself must be preceded by the statutorily required notice to quit. Housing Authority v.Hird, 13 Conn. App. 150, 155 (1988); Sec. 47a-23 (a), Conn. Gen. Stat; and the language of the notice must substantially comply with the statutorily prescribed form. Sandrew v. Pequot Drug,Inc., 4 Conn. App. 627, 632 (1985); Sec. 47a-23 (b), Conn. Gen. Stat.
In the instant case, in addition to the statutory language, the notice contained the following invitation: CT Page 13260
 "If you should have any questions regarding the above, or would like a hearing on this matter, please contact Housing Authority Management, or contact [plaintiff's attorney]."
The language (above) is not unlike that considered by the Sandrew
court, Id. 632 n. 7. Although that language appeared in a letter, the court concluded that it "negated the effect of a notice to quit, at least until the further negotiations which that letter invited had been concluded."
In order to terminate a tenant's leasehold interest, a notice to quit must set forth in definite and unequivocal terms what is clearly the landlord's intent. See e.g., Chapel-High Corporationv. Cavallaro, 141 Conn. 407, 411 (1954); Mayron's Bake Shop, Inc.v. Arrow Stores, Inc., 149 Conn. 149, 156 (1961). It is the court's finding that the added language above set forth rendered the notice to quit equivocal and unclear, thereby negating its intended effect.
Gaffney, J.