[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Maria Santiago has moved to dismiss this summary process action against her contending that "no Notice to Quit was ever served" on her. The signed sheriff's return on the Notice to Quit CT Page 13447 indicates service was made at 1083 Capitol Avenue, Apartment C-3, Hartford, Connecticut, on August 17, 1998 and further states as follows:
 Then and there I made due and legal service of the foregoing notice by leaving a true and attested (copies) With the within-named tenant(s) and/or occupant(s) Ivette Rios and Abode to Maria Santiago and Javier Ortis.
The return of service for the Writ, Summons and Complaint and Notice to Quit indicates abode service on August 24, 1998, for the same three individuals at the Capitol Avenue address.
"The notice to quit is a condition precedent to the bringing of the [summary process] action." O. Keefe v. Atlantic RefiningCo., 132 Conn. 613, 622 (1946); Lampsona v. Jacobs, 209 Conn. 724
(1989); Sandrew v. Pequot Drig, Inc., 4 Conn. App. 627, 631
(1985). Where the Notice to quit is defective, the Court is without jurisdiction to hear the case, and this defect cannot be corrected. Bridgeport v. Barbour-Daniwel Electronics,16 Conn. App. At 582 See also Windsor Properties, Inc. v. Great Atlantic Pacific Tea Co., 35 Conn. Sup. 297, 301 (1979).
Section 47a-23(c) of the General Statutes provides that a copy of the notice to quit shall be delivered to each lessee or occupant or left at his place of residence.
General Statutes § 52-57(a) provides that service of process on an individual defendant shall be made by leaving a copy (a) with the defendant or (b) at his or her usual place of abode. Where jurisdiction is sought over an individual residing in Connecticut, there must be either "in hand" or abode service.Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163
(1989). The sheriffs return, indicating that he made service by leaving an attested copy at the defendant's place of abode isprima facie evidence of the facts stated therein. Genung's Inc.v. Rice, 33 Conn. Sup. 554, 558 (1976). Those facts may be contradicted and other facts introduced to show otherwise. Id.;Sandrew V. Pequot Drug, Inc., 4 Conn. App. 627 (1985). The return may be contradicted, and the court may find contrary to the return. Hasler v. T.H. Canty Co., 138 Conn. 341, 343 (1951)
The burden of proof is on the defendant with respect to jurisdictional issues; this is because of the presumption of the CT Page 13448 truth of the facts stated in the officer's return. StandardTallow Corporation v. Jowdy, 190 Conn. 48, 53 (1983).).
At a hearing on the Motion to Dismiss, Maria Santiago testified that she lives at the Capitol Avenue address with two adult children, Maria Rivera and Jose Rios. Neither Maria Rivera nor Jose Rios are named as defendants in this action. She further testified that another daughter, Defendant Ivette Rios, and her husband, Defendant Javier Ortis, do not live with her. She is not certain where they live and cannot say how long they have lived there. She states she never saw the Notice to Quit until her daughter Ivette Rios "brought" the Writ, Summons and Complaint with the attached Notice to Quit to her in August.
If, as testified, Ivette Rios does not live at the abode with Maria Santiago, then questions still exist as to why the sheriff's return on the Notice to Quit indicates service in hand on Ivette Rios, and how Ivette Rios came into possession of the Complaint and attached Notice to Quit which had been served at the abode and which she later "brought" to her mother. But that is of no moment because Santiago does not claim that 1083 Capitol Avenue, Apartment C-3 is not her usual place of abode; and she does not claim that the Notice to Quit or the Complaint with the Notice to Quit attached were served at any place other than her usual place of abode. Her claim is simply that she first saw the Notice to Quit when her daughter, Ivette, who does not live with her, "brought it" to her in August attached to the Complaint. No other witnesses testified in support of the motion to dismiss.
Without more, the presumption of abode service of the Notice to Quit based on the sheriff's return must be sustained. A denial of service by the defendant which is not corroborated by any other evidence, details or circumstances is insufficient to overcome the prima facie evidence of the sheriff's return. UyenPhan v. Delgado, 41 Conn. Sup. 367, 372-73 (1990).
The defendant has failed to sustain her burden of proof.
The motion to dismiss is denied.
Tanzer, J.