[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a summary process action. On August 11, 1998, notice to quit possession by August 17, 1998, for nonpayment of rent was served on defendants. The following notation appears in the lower left hand corner of the Notice to Quit:
 August rent: $635.00 Late charges: 31.75 TOTAL DUE $666.75
Defendant Negron has moved to dismiss for lack of subject matter jurisdiction contending that the notation renders the CT Page 15289 notice "equivocal and therefore, invalid."
To be valid, a Notice to Quit must be unequivocal. If equivocal, it is void, and the court is deprived of subject matter jurisdiction. Sandrew v. Pequot Drug, Inc.,4 Conn. App. 627, 632 (1985). A proper notice to quit is a jurisdictional necessity. Lampanosa v. Jacobs, 209 Conn. 724, 730 (1989).
In Cooper v. Lewis, SPH-8309-20430 (H471) (1983), the addition of the language "if $550.00 cash is not received by August 19, 1983, I may start an eviction against you" was found to be an equivocal requiring judgment for the defendant.
In Housing Authority v. Herbert Allen, SPH 9008-14732 (H928) (1990), a boxed statement declaring that if rent is not received by the expiration date, a second notice will be served, was deemed equivocal. The court found the statement and its corollary could "only mean that the proceeding will go no further if the rent is paid" and that use of the word "rent" in the statement invited payment.
In this case, the plaintiff contends, and the court agrees, that the notation is an informational statement of the rent and late charge that had not been paid in August — that is, the amount due and owing. Unlike the language at issue in Cooper
and Allen, the challenged notation does not invite payment and does not promise to abate the proceeding if payment is made. The notation is neutral and does not conflict with the statement in the body of the Notice to Quit that "all payments made by you to the Landlord after receipt of this notice to quit possession will be accepted as your payment for reasonable USE AND OCCUPANCY of the premises and not as rent."
The defendant's motion to dismiss is denied.
Tanzer, J.