[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15104
The Court has reviewed the Defendants' Motion to Dismiss, as well as, the Objection filed by the Plaintiff.
A review of the Notice to Quit indicates the reasons specified by the Plaintiffs for terminating the Defendants tenancy are: "(1) any right you may have to occupy said premises is hereby terminated and (2) the landlord now desires to regain possession." Conn. Gen. Stat. § 47a-23
(a) details the legally permissible reasons to terminate a tenancy.
The defendants claim in their Motion to Dismiss that the Notice to Quit does not set forth a sufficient and legally valid reason as is required by Conn. Gen. State. § 47a-23. They also claim that the Notice to Quit does not sufficiently describe the address of the premises.
As a condition precedent for a summary process action, proper notice to quit is a jurisdictional necessity. Lampasona v. Jacobs, 209 Conn. 724,729 (1989). A notice to quit is the basis for inauguration of an action at law and, as such, it must conform to the statute. Sandrew v. PequotDrug, Inc., 4 Conn. App. 627, 631 (1985). We have recognized the principle that, because of the summary nature of its remedy, the summary process statute must be narrowly construed and strictly followed.Southland Corporation v. Vernon, 1 Conn. App. 439, 452 (1984).
The Court finds that the Plaintiffs have failed to comply with Conn. Gen. Stat. § 47a-23 in that they have failed to specify legally permissible reasons for the termination of the Defendants' tenancy.
Accordingly, the Court grants the Defendants' Motion to Dismiss for the reason that the Court lacks jurisdiction in this matter due to the defective Notice to Quit. The Court's decision on the first basis of the Motion to Dismiss is dispositive of the matter and therefore the Court does not need to comment on the additional claims.
AGATI, J.