[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed a motion to dismiss alleging lack of subject matter jurisdiction.
The issue presented is whether the notice to quit is valid.
The following facts are undisputed: The parties entered into an oral month-to-month lease starting on February 2, 2001. The agreed upon rental amount was $4,923 due on the first of the month. The plaintiff caused a notice to quit to be served on the defendant with a quit date on or before December 1, 2001, for lapse of time.
 DISCUSSION
A proper notice to quit is a jurisdictional necessity as a condition precedent to a summary process action. O'Keefe v. Atlantic Refining Co.,132 Conn. 613, 62 (1946), Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627,631 (1985). A defective notice to quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs, 209 Conn. 724, 730 (1989). CT Page 2554-j
An oral month-to-month tenancy is a separate and distinct tenancy for each month. Corrigan v. Antupit, 131 Conn. 71 (1944). In this case the lease term started the second of the month through the first of the following month. The quit date was December 1, 2001, the last day of the lease term.
The court is aware that there are Superior Court decisions holding the quit date to be proper for the last day of the lease term,[1] the first day of the second term,[2] and either the first or last day.[3]
A notice to quit for lapse of time must give the tenant until the end of the lease period. The tenant may choose to stay until the very last moment but not a moment longer. The defendant in this case had the right to possession until midnight December 1, 2001, but not a moment longer.
The court is persuaded that a notice to quit on either the last day of the term or the first day of the new term would be proper.
The court finds that the quit date of December 1, 2001, the last date of the lease term, is valid.
Since the notice to quit is valid, the court has subject matter jurisdiction.
The motion to dismiss is denied.
Crawford, J.