[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant moves to dismiss this summary process action, pursuant to Practice Book Sec. 10-30. The ground defendant asserts is that "the sublease under which it occupies the subject premises is still in force and effect."
In its complaint Plaintiff alleges it is the owner of the premises; pursuant to certain Bankruptcy Code provisions and the action of plaintiff's tenant and defendant's sublessor, defendant's sublease terminated; and defendant's right of occupancy ceased.. In its notice to quit, plaintiff gives as reasons for defendant to leave, "1. Lapse of time; and/or 2. The right or privilege to occupy such premises has terminated." These are grounds permitted under C.G.S. Sec. 47a-23 (a)(1)(A) and CT Page 1636347a-23 (a)(3). The form of the notice to quit complies with Sec.47a-23 (b).
A motion to dismiss "may be used to assert (1) lack of jurisdiction over the subject matter, (2 lack of jurisdiction over the person, . . ." Practice Book Sec. 10-31.
This court has consistently held that a valid notice to quit is a condition precedent to the commencement of a summary process action and where the notice is defective, a motion to dismiss may be granted. O'Keefe v. Atlantic Refining Co. 132 Conn. 613, 622
(1946); Bridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 582 (1988); Green Realty Corp v. Ortiz, HSP — HD 7901-0179, Superior Court, Housing Session, Hartford-New Britain J.D., Mar. 1, 1979, (Spada, J.). Thus, in Bridgeport v.Barbour-Daniel Electronics, Inc., supra, a first notice to quit was untimely and invalid because, there being a month-to-month tenancy, the notice based on failure to pay rent was not served during the month the rent was due. In Lampasona v. Jacobs,209 Conn. 724 (1989) a notice to quit was defective because it did not give the sixty days notice required under Sec. 21-80 (b)(3) (B) for residents of mobile home parks.
In its memorandum of law in support of it, defendant argues the rejection of the prime lease by plaintiff's predecessor in interest to a tenant who subleased to defendant was a voluntary surrender of that lease which under Connecticut law did not disturb defendant's sublease. Further, the rejection of the sublease under Sec. 365 of the Bankruptcy Code does not deprive defendant of right of continued possession. These may or may not be grounds upon which defendant may prevail on the merits of this case as a matter of law and fact. But they are not a basis for holding the notice to quit defective so that the defendant may prevail on this motion to dismiss.
A distinction must be made between a notice to quit which is defective on its face and one which states reasons which are untrue. Examples of the former are notices to quit that are served in an untimely manner, such as in Bridgeport v.Barbour-Daniel Electronic, Inc., supra, or that fail to give the statutory time to quit, such as in Lampasona v. Jacobs, supra. Motions to dismiss based on the untruthfulness or illegality of the reasons given to quit do not raise a jurisdictional issue. Rather they give rise to general or special defenses that must be pleaded and then decided by a trial. Thus, motions to dismiss CT Page 16364 based on the defendants being over the age of 62 and entitled to the protections of Sec. 47a-23c(b), or based upon retaliatory eviction have been denied. MKP Sigourney v. Felix Villanueva, etal. No. SPH 8204 14451 HD, Superior Court, Housing Session, Hartford-New Britain J.D., July 13, 1982, (Maloney, J.); Bianca
v. Lynch, SPN-7909-676, Superior Court, Housing Session, Hartford-New Britain J.D., Oct. 10, 1979 (Spada, J.).
Here, defendant claims in its motion to dismiss that its sublease has not terminated as a matter of fact or law. That is no different than in a failure to pay rent case, a tenant claiming as a basis for dismissal that he did pay the rent. In both instances the cases must be tried on their merits, not dismissed for lack of jurisdiction.
Moreover, plaintiff's notice to quit is not defective because "the language of the notice substantially tracks that of General Statutes Sec. 47a.-23(a) . . . ." Southland Corporation v.Vernon, 1 Conn. App. 439, 452 (1984).
The motion to dismiss is denied.
Robert Satter Judge Trial Referee