[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action brought by the plaintiff (the sublessor), seeking possession of the premises located at 555 Day Hill Road, Windsor, Connecticut, for failure to pay rent due under the terms of the sublease. The plaintiff and the defendant had entered into a Sublease Agreement on May 7, 1999. The plaintiff caused a Notice to Quit to be served on the defendant.
The defendant has moved to dismiss this action on the grounds that the plaintiff, a sublessor, lacks authority under the Summary process statute [C.G.S. 47a-23] and therefore the court lacks subject matter CT Page 3132-dc jurisdiction. The plaintiff objects to the Motion to Dismiss on two grounds: 1. That the motion is untimely filed and 2. That the Notice to Quit is not defective.
 1. Connecticut Practice Book § 10-8 provides that pleadings must advance at least one step every three days. In the present case numerous pleadings have been filed including an amended complaint on November 8, 2000, a motion to dismiss on November 13, 2000, a motion to dismiss on November 13, 2000, an objection to the Motion to Dismiss on November 13, 2000 and a Motion for Default for failure to plead on November 16, 2000. No default was entered and the defendant filed an amended Motion to Dismiss on November 17, 2000, within the three days of the Motion for Default. Therefore the objection is overruled.
 2. A valid notice to quit is a condition precedent to the commencement of a summary process action and where the notice to quit is defective, a motion to dismiss may be granted. O'Keefe v. Atlantic Refining Co., 132 Conn. 613, 622 (1946). Bridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 582 (1988). The defendant argues that the court lacks jurisdiction because C.G.S. § 47a-23 authorizes only owner, lessor, his attorney-at-law, attorney-in-fact, or his legal representative to issue the prerequisite notice to quit for a summary process action. The defendant claims that since a sublessor (such as the plaintiff) is not one of the categories listed, the plaintiff is without authorization to issue a notice to quit. This is an innovative theory but to accept it would result in the conclusion that a sublessor could never bring a summary process action to recover possession of premises from a sublessee.
The court finds that although a sublessor is not specifically authorized by C.G.S. 47a-23 to issue a notice to quit the court is not deprived of jurisdiction. Connecticut courts have recognized that plaintiffs not specifically enumerated in C.G.S. § 47a-23 may avail themselves of summary process action.[1]
C.G.S. § 47a-23 (a) provides in relevant part as follows: when the owner or lessor, or the owner's legal representative . . . desires to CT Page 3132-dd obtain possession or occupancy of such . . . building . . . such owner or lessor . . . or legal representative, shall give notice to each lessee . . . to quit possession or occupancy of such . . . building. . . . C.G.S. § 47a-1(d). C.G.S. 47a-1 (d) includes sublessor in the meaning of the term landlord. When two statutes relate to the same subject matter, every effort should be made to find a reasonable field for the operation of both statutes. State v. Carbone, 172 Conn. 242, 256, 374 A.2d 215
[1977]. Blue Cross and Blue Shield of Connecticut, Inc. v. Joseph C.Mike, Insurance Commissioner of Connecticut, et al, 184 Conn. 352-62, 439 A.2d 1206 [1981).
Legal representative in its broadest sense, means one who stands in the place of and represents the interests of another. And sublease — unless specifically excluded, the term lessor includes sublessor. Blacks Law Dictionary, 6th Edition.
In the present case the plaintiff and the defendant executed a Sublease Agreement on May 7, 1999. Article I, § 1:01 acknowledges that the plaintiff sublessor is an assignee from Child Site Corp. as assignor and original lessor. Article VI, § 6:01 sets the terms in the event the sublessee f the defendant] defaults. § 6:01(6) specifically states that the Sublessor shall have all other rights allowable to a landlord at law and in equity. Article X, § 10:02(b) by agreement, permits the plaintiff, sublessor, to repossess by Summary proceedings.
The court finds that although a sublessor is not specifically included in C.G.S. 479a-23, the plaintiff in this case in accordance with the Sublease Agreement is the legal representative of the lessor. Furthermore, the agreement specifically authorizes the plaintiff sublessor to repossess by summary proceedings.
The basic principles of landlord tenant law govern the relationship between a sublessor and a sublessee. Nicholas v. Stop Shoe Corp., No. CV 970058784S. The status of sublessor conferred standing to bring . . . a summary process action. Said standing is imbued with the necessary authority to cause issuance of a notice to quit and is consistent with the standing of the categories of persons authorized to issue a notice to quit.
The defendant is authorized in this case to cause the issuance of a notice to quit. The defendant as assignee is the legal representative of the lessor. Additionally, the parties entered into an agreement whereby the plaintiff may use summary proceedings to gain possession of the premises. CT Page 3132-de
The Motion to Dismiss is denied.
Crawford, J.