[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action initiated by the plaintiff against the defendants for nonpayment of rent.
There is no dispute that on or about July 1, 1997, the parties entered into a written lease for the premises located at 818 Bartholomew Road, Apartment 308, Middletown, Connecticut. The defendants agreed to pay $514.00, due and payable in advance on the first day of the month during the term of the lease. Upon expiration, the lease renewed automatically for successive terms of one month. On November 18, 2000, the plaintiff caused a notice to quit for nonpayment of rent to be served on the defendants who were ordered to vacate the premises on or before December 6, 2000. The defendants continue in possession of the premises and have made monthly payments, which have been accepted as use and occupancy by the plaintiff.
This action was commenced by complaint with a return date of March 20, 2001. The plaintiff alleges in the complaint that the defendants failed to pay rent due for the months of October and November, 2000. In their answer, the defendants deny that they failed to pay rent for those months and have asserted equitable defenses. The court heard Woodbury Realty's summary process action on June 8, 2001, at which time the defendant, Richard Tarallo, appeared pro se. The plaintiff called Eneida Rosa-Torres, the collection officer for Woodbury Realty, as a witness, and entered the rent ledger of Woodbury Realty into evidence. Ms. Rosa-Torres testified that a notice to quit was served on November 18, 2000 because Mr. Tarallo owed arrearage in the amount of two months rent as of that date. It was the plaintiffs claim that the defendant failed to pay one half of the rent due in August, 2000; one half the rent due in September, 2000; and all the rent due in November, 2000. The defendant vehemently denied that money was owed to the plaintiff, although acknowledged that payments were sometimes late. There was testimony that Mr. Tarallo paid an extra $5.00 per month as either contribution towards money owed or as a late fee, which is how it is noted on the ledger card. The money order receipts possessed by Mr. Tarallo, demonstrating payments of rent, were also entered into evidence.
Mr. Tarallo testified that he lives in the apartment with his fiance, Kathleen Lundell, and their four children and that they have resided in that particular unit since 1997, but in other units managed by the plaintiff for the last twelve years. He also stated that he has been making every effort to work with the management company and make timely payments, however, this has been difficult because of health problems. According to the defendant, Richard Tarallo, he is physically disabled. He has been on worker's compensation for approximately a year and a half due to an injury for which he has undergone numerous surgeries. The CT Page 9130 defendant asserts that the worker's compensation payments are often delayed which has caused their rental payments to be, at times, delayed.
DISCUSSION
A notice to quit is a condition precedent to a summary process action.O'Keefe v. Atlantic Refining Co., 132 Conn. 613, 622 (1946). A proper notice to quit is required before the court has subject matter jurisdiction to hear such an action. Lampasona v. Jacobs, 209 Conn. 724,729, cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 590 (1989). If the court determines that it lacks subject matter jurisdiction, the case shall be dismissed. Connecticut Practice Book section 10-33.
Connecticut General Statute section 47a-23 (d) controls the service of a notice to quit with respect to a month-to-month tenancy. "With respect to a month-to-month tenancy of a dwelling unit, a notice to quit based upon nonpayment of rent shall, upon delivery, terminate the rental agreement for the month in which the notice is delivered, convert the month-to-month tenancy to a tenancy at sufferance and provide basis for a summary process action notwithstanding that such notice was delivered in the month after the month in which the rent is alleged to be unpaid." In this case the notice to quit was filed on November 18, 2000. Accordingly, it is legally defective as to any nonpayment of rent for August or September, 2000. See: Tamborra v. Jordan, 1999 Ct. Sup. 16658, No. CV21-10160 (December 23, 1999).
The November 18, 2000 notice to quit would be legally sufficient as to the months of October or November, 2000, if rent was unpaid prior to service of the notice to quit. "A tender of rent by the lessee after a breach of the covenant of payment but before a declaration of forfeiture by some unequivocal act (such as service of Notice to Quit) by the lessor precludes the latter from completing a forfeiture of the lease. Mayron'sBake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 156 (1961). The plaintiffs ledger, as well as the defendants' receipts, evidence that the October, 2000 rent was paid on or about October 18, 2000, which is prior to the service of the notice to quit. Accordingly, the sole issue which remains is whether or not the November, 2000 rent was paid prior to the service of the notice to quit.
This fact is hotly contested. The plaintiffs ledger makes no reference to a payment in November, 2000; however, the defendants possess a copy of a money order receipt in the amount of $519.00, dated 11/06 and made payable to "Woodbury Association." Although the year is not recorded on the receipt, a review of the plaintiff's ledger demonstrates no other payment in the amount of $519.00 for the month of November during the last several years. The court determines, therefore, that this receipt is for CT Page 9131 rent due in November, 2000. The court finds, by a preponderance of the evidence, that the defendants paid the November rent prior to the notice to quit, as well as before the expiration of the statutory nine-day grace period. See: Connecticut General Statute section 47a-15a. The plaintiffs notice to quit, therefore, is defective. Because the court lacks subject matter jurisdiction, the plaintiffs action is dismissed.[1]
Judgment may enter for the defendants.
 CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT